## EBERLEIN *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 12. Argued October 5, 1921.—Decided November 7, 1921.

E, having been removed by the Secretary of the Treasury from a place in the customs service after due hearing upon charges, was later reinstated by the same authority, pursuant to an order of the President based on further investigation and findings that the charges were not just.

*Held:* (1) That the removal was an act of discretion not subject to revision by the court. P. 84.

(2) That the power of appointment and removal in the case was constitutionally lodged in. the Secretary of the Treasury; the President's order could not and was not intended to operate as a reinstatement, but merely restored E's eligibility to appointment. P. 84.

(3) E had no claim to the salary between the dates of his removal and his reinstatement by the Secretary.

53 Ct. Clms. 466, affirmed.

APPEAL from a judgment of the Court of Claims, in an action to recover salary accruing between the dates of appellant's removal. from an office and his reinstatement. See also, *ante,* 71, 77.

*Mr. William E. Russell,* with whom *Mr. L. T. Michener* and *Mr. P. G. Michener* were on the briefs, for appellant.

*Mr. Assistant Attorney General Riter, Mr. Assistant Attorney General Davis* and *Mr. William D. Harris,* for the United States, submitted.

MR. JUSTICE DAY delivered the opinion of the court.

In this case the plaintiff, who was a United States Store-keeper in the customs service at the port of New York, brought suit in the Court of Claims to recover from the United States the sum of $4,164.44, that being the salary of the office from the date of his removal therefrom to the date of his reinstatement. The Court of Claims decided against him. 53 Ct. Clms. 466. On May 9, 1910, he was suspended without pay pending an investigation of written charges preferred against him. He had a hearing upon his answer to the charges, and on May 26, 1910, was removed from office. The charges involved the acceptance of bribes in the matter of underweighing cargoes of sugar, and thereby defrauding the Government. In May, 1912, the Attorney General reinvestigated claimant's record, and reported that in his judgment the charges were

not sustained, and the Surveyor of the port made a similar report. On December 3, 1912, the President of the United States by an executive order of that date in pursuance of further investigation directed the reinstatement of the plaintiff. On December 16, 1912, he was reinstated.

There can be no question from the findings in this case that the plaintiff had the benefit of a hearing according to the regulations then in force. The Court of Claims in its opinion stated that the subsequent investigation established his innocence of the charges made against him. But the things required by law and regulations, were done, and the discretion of the authorized officers was exercised as required by law. It is settled that in such cases the action of executive officers is not subject to revision in the courts. *Keim* v. *United States,* 177 U. S. 290.

The order of the President could not have the effect of reinstating the plaintiff to the office from which he was removed. The power of appointment and removal was in the Secretary of the Treasury. It was within the power of Congress to confer this authority on the Secretary. *Burnap* v. *United States,* 252 U. S. 512.

The President's order, while reciting the wrong which had been done to the plaintiff, could have no more effect than to reinstate him to eligibility for reappointment in the Government service. Indeed, such was found to be the import of the order itself, and fairly so. It provides that Eberlein may be reinstated in any appropriate classified position in the Customs Service in New York, without regard to the length of time he has been separated from the service. That was the purpose of the order, although it goes on to say, doubtless in fairness to Eberlein, that he was separated from the service on May 26, 1910, and charged with having accepted money from importers for underweighing merchandise; that upon rehearing, the Surveyor of Customs of New York was of the opinion that

the charges had not been sustained, and that the Attorney General recommended that the plaintiff be restored to the office from which he had been dismissed. It is apparent that the President's order was intended to have no more effect than to restore him to eligibility for appointment. Such was the view of the Court of Claims, and we find no error in its judgment.

*Affirmed.*