**FORD BROS. & CO. v. EDDINGTON DISTILLING CO. et al.**

No. 211.

District Court, M. D. Pennsylvania.

Nov. 25, 1939.

Lawrence D. Bilcovitch, of Scranton, Pa., and J. George Lipsius, of Philadelphia, Pa., for plaintiff.

Edward J. Kelly, of Scranton, Pa., and Horace M. Barba, of Philadelphia, Pa., for defendants.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the Government.

WATSON, District Judge.

This case is before the court for determination of motions to dismiss the complaint.

The plaintiff and the defendants, with the exception of the United States of America, are residents of the Commonwealth of Pennsylvania. This action was brought for the purpose of terminating a consent agreement between the plaintiff and the Eddington Distilling Company, which provided that certain tax liens of the United States would be given preference over the lien of the plaintiff on various machines in the Eddington Distilling Company plant. The complaint alleges that the consent agreement was obtained through fraudulent representations of the Eddington Distilling Company and A. S. Auerbach.

The plaintiff contends that jurisdiction is vested in this court by reason of the fact that the United States is a proper party, and that the case involves the construction of a federal statute, i. e., 26 U.S.C.A. § 1166(b).

The United States contends that it is not a proper party, and that the action should be dismissed as to it on the ground that it has not consented to be sued. The plaintiff relies upon the provisions of section 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), and of the Act of March 4, 1931, as amended, 28 U.S.C.A. § 901, as giving the consent of the United States to be sued.

It is provided in 28 U.S.C.A. § 41 (20) that the district courts shall have jurisdiction "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages." This Act does not authorize the action which is here brought. It has been decided that only those actions which call for the payment of money are within the above-quoted provision. United States v. Turner, 8 Cir., 47 F.2d 86; Admiral Oriental Line v. United States, 2 Cir., 86 F.2d 201; Cyclopedia of Federal Procedure, 1928, section 112, page 581.

Turning now to 28 U.S.C.A. § 901, it is also clear that the action here under consideration is not one in which the United States has consented to be sued. This Act provides that "upon the conditions prescribed in this chapter for the protection of the United States, the consent of the United States is given, to be named a party in any suit which is now pending or which may hereafter be brought * * for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved." The actions permitted by the above-quoted provisions are those brought for the foreclosure of a mortgage or other lien upon real estate, and the Act (28 U.S.C.A. §§ 901–906) has been so construed as to permit relief only by the sale of the property subject to the liens. Integrity Trust Co. v. United States, D.C., 3 F.Supp. 577. The case now under consideration is not one which was brought for the foreclosure of a mortgage or other lien and is, therefore, not within the terms of the Act.

It is clear that the jurisdiction of this court does not exist in this case by reason of the provisions of either 28 U.S.C.A. § 901 or 28 U.S.C.A. § 41(20), and the first ground of jurisdiction relied upon by the plaintiff is, therefore, invalid.

The second basis for the jurisdiction of this court is that the construction of a federal statute is involved. The complaint itself, except for the preliminary allegation as to jurisdiction in the amended complaint filed September 29, 1939, does not indicate in any way that such a question is involved but alleges only the fraud of two of the defendants. The court can-

not conceive of any way in which the construction of this federal statute will affect the determination of this case. A case arises under the laws of the United States only where a recovery depends upon the construction of such law and, if a bona fide dispute as to the construction of such law does not exist, the court does not have jurisdiction.

In my opinion, there is not here involved a controversy as to the construction of a law of the United States sufficient to confer jurisdiction on a Federal Court.

Now, November 25, 1939, this action is dismissed.