**WENNSTROM v. UNITED STATES.**

Civil No. 1438.

District Court, E. D. New York.
March 7, 1941.

Boine T. Johnson, of Brooklyn, N. Y., for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Herbert I. Sorin, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

GALSTON, District Judge.

These are cross-motions. The Government moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the pleadings show that there is no issue as to any material fact; and the plaintiff moves to strike out certain affirmative defenses.

The following facts may be gathered from the complaint: The plaintiff was appointed to the Lighthouse service of the United States on August 5, 1894, and on July 31, 1937, was chief engineer in the Lighthouse Service at Tompkinsville, New York. During the course of his service he was seriously injured. Some time in 1937, though the time is not stated, he made application for retirement under the General Retirement Act of 1920, 5 U.S.C.A. §§ 691–693, 697–731, on the ground that he was sixty-three years of age and had been for more than thirty years in active duty in the Lighthouse Service. He was advised—but by whom does not appear—that he had been retired under the Act of 1920 and that his retirement pay would be $100 a month. Thereafter he received $100 a month from August 1, 1937, to and including October 1, 1939. Subsequently he made an application for retirement under the Lighthouse Act of 1918, 40 Stat. 607, on the ground of physical disability; but the Treasury Department, United States Coast Guard and the Secretary of

Treasury as head of the Lighthouse Service, denied the application.

The complaint alleges that the only reason that the application was not properly made in 1937 was due to the fact that the plaintiff was not permitted by his superior officer to make such application.

The complaint continues in recital that on November 19, 1939, his classification was transferred from the Act of 1920 to retirement under the Act of 1918, and his retirement pay raised from $100 a month to $150 a month, effective as of August 1, 1939, because the plaintiff had arrived at the age of sixty-five years on July 26, 1939, but that upon making such transfer the United States Civil Service Commission requested from the plaintiff the re-payment of $2,700, the amount paid from the date of his retirement in 1937, to October 1, 1939.

Plaintiff alleges that he had demanded the payment of the additional $50 a month for the twenty-four months since his actual retirement, but the defendant has refused to pay the sum on the ground that the retirement took effect only at the time that the plaintiff reached the age of sixty-five years. He now demands that his application be considered an application under the Act of 1918 for physical disability as of August 1, 1937, and seeks the sum of $1,586.07, with interest thereon over and above what he had heretofore received, and also $1,200 representing $50 per month additional from August 1, 1937, to August 1, 1939, and $150 a month from the first day of August, 1939, during the rest of his life.

From the foregoing it appears that the allegations of the complaint are none too clear and include a rather unique allegation that: "The United States of America is a corporation created by the Constitution of the United States with its principal office in the City of Washington, District of Columbia, and the plaintiff alleges upon information and belief that within the meaning of the terms of the New York Code of Criminal Procedure, the said United States of America is a foreign corporation."

The answer admits that the sum of $1,230.60 was deducted from the plaintiff's salary and credited to the Civil Service Retirement and Disability Fund between May 22, 1920, and August 1, 1937. For a first defense it alleges that the plaintiff was an officer of the United States, duly appointed by the Department of Commerce and Labor; that the action is one to recover monies claimed to be due the plaintiff from the United States; that the District Court is without jurisdiction to hear or determine the issue herein by reason of the provisions of the United States Code Annotated, Title 34, § 146, and Title 28 U.S.C.A. § 41, subdivision 20, and that the proper venue for the bringing of the action is in the United States Court of Claims at Washington.

For a second defense the defendant alleges that plaintiff has failed to meet certain conditions precedent such as making application for disability while in active service; that he failed to meet the conditions specified in U.S.C.A., Title 33, §§ 713 and 765, and the rules governing the retirement for disability in the Lighthouse Service. It is also alleged that the manner of retirement for disability is one for administrative determination and not one for judicial determination.

For a third defense it is alleged that the plaintiff in effect prays for a declaratory judgment and that the Declaratory Judgment Act, 28 U.S.C.A. § 400, does not create any new substantive right and is not applicable to the United States of America, and that the District Courts are without jurisdiction in actions against the United States where a judgment other than money is sought.

For a fourth defense the defendant alleges that from the complaint it appears that the plaintiff is seeking an ultimate recovery in excess of $10,000, which is the jurisdictional limit upon claims against the United States under the Tucker Act and therefore this court is without jurisdiction.

An additional defense, designated as a first, separate, distinct and affirmative defense, alleges that the plaintiff's transfer to the Lighthouse Retirement List was voluntary and that he has waived any right for retirement for disability under the Lighthouse Retirement Act; and for a counterclaim defendant, the Government, alleges that under a mistake of law it paid the plaintiff the sum of $2,700, and that there is therefore due the Government the sum of $1,469.40, which is the excess over the contribution made by the plaintiff to his pension fund.

■ The General Retirement Act, U.S. C.A., Title 5, § 691, under which the plaintiff was retired, provides in effect that all employees of the United States Government who before July 1, 1930, shall have attained or shall thereafter attain the age of seventy years and rendered at least fifteen years of service, shall be eligible for retirement on an annuity as provided in Sec. 698. Then there follows a classification of certain particular employees such as city, rural and village letter carriers, post office clerks, etc., who shall under like conditions be eligible for retirement at sixty-five years of age; and still further a third classification consisting of railway postal clerks and mechanics and laborers in navy yards, including leading men and quarter men, who shall be eligible for retirement at sixty-two years of age. It would not appear that the plaintiff, as an engineer in the Lighthouse Service on July 31, 1937, was eligible for retirement under that act and most obviously a mistake was made when his application for retirement under the act was granted with an annuity of $1200. per annum.

On the other hand, the Lighthouse Retirement Act of June 20, 1918, U.S.C.A., Title 33, § 763, provides that all officers and employees engaged in the field service of the Lighthouse Service, who shall have reached the age of sixty-five years after having been thirty years in the active service of the Government, may at their option be retired from further performance of duty and thereafter receive an annual compensation.

The plaintiff, after reaching the age of sixty-five years, apparently was retired under that act as of August 1, 1939, with a retirement pay of $150 a month; and the annuity theretofore received by the plaintiff under the General Retirement Act was terminated.

The plaintiff alleged that he was "instructed at the time that he filed his application for retirement under the General Retirement Act to make such application by his superior officer" and that such superior officer informed him "that he could not put in an application for retirement under the said act" (i.e., the Lighthouse Retirement Act).

It was only after the plaintiff was apprised of the claim of the Government that his retirement pay at $100 a month under the General Retirement Act had been paid in error and was sought to be recovered that, some time after October 1, 1939, the application was made by the plaintiff for re-consideration of his application in 1937, "as one for retirement under the Act of 1918 upon the grounds of physical disability."

■ The plaintiff having been born on July 26, 1874, was at the time that he filed his application under the General Retirement Act on March 5, 1937, only sixty-three years of age and consequently was not entitled, under the provisions of U. S.C.A., Title 33, § 763, to retire, since he had not attained the age of sixty-five years. Plaintiff is not satisfied with the action of the Treasury Department, U. S. Coast Guard, in changing his classification from the Act of 1920 to a retirement under the Lighthouse Retirement Act of 1918. He insists that his application be considered under the Lighthouse Retirement Act of 1918 as one for physical disability as of August 1, 1937.

On May 13, 1925, the Department of Commerce, Bureau of Lighthouses, issued a circular to superintendents of lighthouses concerning disability retirement in the Lighthouse Service. This circular quoted the Act approved March 4, 1925, Pub. No. 598, 33 U.S.C.A. §§ 765, 766, which provides:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That hereafter any officer or employee to whom section 6 of the Act entitled 'An act to authorize aids to navigation and for other works in the Lighthouse Service, and for other purposes,' approved June 20, 1918, as amended, applies, who has been in the active service of the Government fifteen years or more and who is found, after examination by a medical officer of the United States, to be disabled for useful and efficient service by reason of disease or injury not due to vicious habits, intemperance, or willful misconduct on his part, shall be retired under rules to be prescribed by the Secretary of Commerce on an annuity computed in the manner provided in such Act.

"Sec. 2. Any such officer or employee may, upon recovery, be restored to active duty, and shall from time to time, before reaching the age at which he may be retired under such Act, be reexamined by a

medical officer of the United States upon the request of the Secretary of Commerce."

In pursuance of the foregoing Act the Department of Commerce prescribed certain rules. Rule 1 provided: "Retirement for disability shall be made upon an officer's or employee's application or upon the certificate of the Secretary of Commerce. Examination by a medical officer of the United States to determine disability will be arranged for by the Superintendent of Lighthouse of the District where the applicant is serving, in accordance with rules agreed upon by the Department of Commerce and the Department furnishing medical service." ·

█ █ Since the plaintiff is not in active service, he is in no position to comply with the conditions precedent set forth in the foregoing rule of the Department of Commerce. He is not in service. It is, of course, regrettable that he was not properly advised at the time that he sought retirement in 1937, but he was under no compulsion to follow, as he alleges, the orders of an unnamed and otherwise undesignated superior. It would seem, in the circumstances recited, that the action of the administrative officers in denying his application for a re-consideration of his retirement and permission to change the form of said application to conform to the facts is beyond judicial review, Love v. United States, 8 Cir., 108 F.2d 43; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; and Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140, unless, indeed, there was a violation of law. On no grounds, therefore, is the plaintiff entitled to the relief which he seeks and the complaint should be dismissed.

█ As to the defendant's counterclaim, there is no sufficiency in the papers presented to enable one to conclude what the reason for the erroneous allowance by the Government of the plaintiff's application for retirement under the General Retirement Act of 1920 was. On the pleadings, therefore, it would not be proper to grant judgment for the defendant on the counter-claim.

Since the complaint will be dismissed, it is not necessary to pass on the plaintiff's cross-motion to strike affirmative defenses.

An order may be entered in conformity with the foregoing opinion.