## LIGARE v. HARRIES.

No. 7893.

Circuit Court of Appeals, Seventh Circuit.

May 20, 1942.

George Ligare, pro se, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and W. S. White, Jr., Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

PER CURIAM.

Plaintiff asserts that his discharge by the Works Progress Administration was unlawful. For damages arising out of such unlawful discharge, he brought suit in the Illinois state court, which suit was removed to the Federal court where it was later dismissed on defendant's motion. It is plaintiff's appeal from said order of dismissal which is here before us.

Plaintiff was granted leave to proceed as a pauper. We directed the clerk of the District Court to send up the

complete record of the proceedings in the District Court so that we might be better informed as to the nature of the case when considering a motion by the Government to dismiss the appeal for failure to file cost bond, statement of points, and brief. The Government's motion to dismiss was denied, largely on the ground that plaintiff was permitted to prosecute his appeal as a pauper and he was without the help of attorney. As a pauper, he was not obliged to file a cost bond. His elaborate notice of appeal, we believed, was the equivalent of a statement of points, and his failure to meet the requirements of the rule in this respect was not fatal.

Our chief concern has been over the wisdom or the necessity of our appointing counsel to represent him, so that this case might be more clearly and satisfactorily presented.

Our examination of the record and our search of the authorities, however, convince us that such action would be futile. The law is clearly settled. A government employee, not holding his position by virtue of a definite tenure, is subject to discharge at any time. He has no cause of action for such discharge, as his discharge, under such circumstances, can not be wrongful.

Briefly stated, plaintiff asserts that he was, on November 5, 1935, employed as a draftsman on a W. P. A. project, at a salary of $85 per month. He was transferred to another project at the same salary. There he was termed an electrical draftsman. He asserts that he was then promoted to the position of junior electrical engineer, and on completion of that project was transferred to another, as junior clerk. In October, 1937, he received a recommendation that he be classified as senior clerk, at $85.14 per month.

He then received a position as senior clerk. He was complimented on his work. In March, 1938, he was notified that his employment would be terminated because his work was not up to the standard required by the project. He disputes the alleged lack of qualifications.

Accepting plaintiff's statement that his work was up to standard, and highly satisfactory, still he was not, under the terms of his employment, entitled to continue in Government pay. His employment was terminable at any time, with or without cause. His rights grew out of his contract of employment. His employment carried no definite tenure. He was, therefore, subject to discharge at any time.

Judicial precedents, as well as reason, lead to this conclusion. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Love v. United States, 8 Cir., 108 F.2d 43.

We quote from the decision of Keim v. United States, supra [177 U.S. 290, 20 S. Ct. 576, 44 L.Ed. 774]: "Nowhere in these statutory provisions is there anything to indicate that the duty of passing, in the first instance, upon the qualifications of the applicants, or, later, upon the competency or efficiency of those who have been tested in the service, was taken away from the administrative officers and transferred to the courts. Indeed, it may well be doubted whether that is a duty which is strictly judicial in its nature. It would seem strange that one having passed a civil service examination could challenge the rating made by the commission, and ask the courts to review such rating, thus transferring from the commission, charged with the duty of examination, to the courts a function which is, at least, more administrative than judicial; and if courts should not be called upon to supervise the results of a civil service examination equally inappropriate would be an investigation into the actual work done by the various clerks, a comparison of one with another as to competency, attention to duty, etc. These are matters peculiarly within the province of those who are in charge of and superintending the departments, and, until Congress by some special and direct legislation makes provision to the contrary, we are clear that they must be settled by those administrative officers. * * *"

The holding in Love v. United States was in an action brought by a W. P. A. worker, because of his discharge.

The judgment is affirmed.