440

## WENNSTROM v. UNITED STATES, Civ. No. 1438.

District Court, E. D. New York.
June 5, 1942.

Boine T. Johnson, of Brooklyn, N. Y., for plaintiff.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Esq., of Brooklyn, N. Y., of counsel), for defendant.

BYERS, District Judge.

The Government seeks judgment on a counterclaim of $1,469.40 in an action as to which the complaint was dismissed for lack of jurisdiction, by order dated April 3, 1941, which also denied summary judgment pursuant to the demand of the counterclaim; see Wennstrom v. United States, D.C., 37 F.Supp. 519.

Since no contested issues of fact are or were involved, it may be that such disposition of the Government's motion is tantamount to a holding in plaintiff's favor.

The relief sought is to recover 27 monthly payments of $100 each, made to the plaintiff Wennstrom from August 1, 1937, through October of 1939, under the Civil Service Retirement Act of May 22, 1920, 41 Stat. 614, Title 5 U.S.C.A. § 691 et seq., less the payments made by him through monthly deductions from his salary from August 1, 1920 (pursuant to that law) amounting to $1,230.60, which leaves the amount sued for.

As it later appeared, those deductions were improper.

The monthly payments were made because Wennstrom sought retirement under that statute, having completed five days less than 43 years of honorable and satisfactory service in the Lighthouse Service; from seaman on a lightship on August 5, 1894, he rose to Chief Engineer on May 1, 1902, and so continued until September 4, 1907. Then he was made Assistant Engineer ashore in the Powerhouse of the Lighthouse Depot, at St. George, Staten Island, N. Y. He was promoted to Chief Engineer on May 1, 1916, and so continued until his retirement on July 31, 1937, when he was 63 years of age.

In 1918, the Lighthouse Retirement Act, 40 Stat. 608, Title 33 U.S.C.A. § 763, was enacted, but Wennstrom was advised that retirement status thereunder was not available to him in view of his said service ashore in the Powerhouse. That was the departmental view in 1937, and classification under the Civil Service Retirement Act was accorded to him, which explains the arrangement heretofore recited.

Pursuant to an opinion of the Attorney General in a parallel case, a reclassification was made in response to Wennstrom's application in November of 1939, whereby he became eligible to retirement as at the age of 65 (July 27, 1939) under the Lighthouse Retirement Act, at $150 per month, which was granted as of August 1, 1939.

He concedes that he owes the Government $100 per month for August, September and October, 1939, received under his Civil Service Retirement, which means that, as to so much, the counterclaim is not contested.

Concerning the difference of $1,169.40, the Government's theory is that the prior Civil Service Retirement payments were made under a mistake of law, and are recoverable. It is conceded by the Government that there was no element of fraud or deception practiced by Wennstrom, and it argues that no equitable considerations can be indulged in his behalf but the claim must be disposed of entirely upon legal grounds.

At least, it is proper to inquire whether this manifestation of occasional governmental frugality can be gratified and still

place Wennstrom in the position which he would have occupied if the mistake had not been made.

If he had been advised in August of 1937 that, by remaining in active employment for a further two years, he could receive his full pay without deductions under the Lighthouse Retirement Act, and then retire, he could have elected so to do; or to apply for disability retirement under the applicable rules if the circumstances so justified. Because he was not so advised by the employer he had faithfully served for the period mentioned, he did neither. It should be observed that no monthly deductions from his pay were required under the Lighthouse Retirement Act.

The mistake worked to Wennstrom's detriment as well as to the Government's and, since no attempt has been made to strike a balance in dollars and cents as the result of the administrative lapse, it is my conclusion that the counterclaim should be granted only to the extent of $300 with interest and costs. This conclusion is not opposed by any decision cited by the defendant in which comparable facts are involved.