## KENNEDY v. UNITED STATES.

### No. 11120.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1944.

Sam G. Croom, of Houston, Tex., for appellant.

Miles L. Moss, Asst. U. S. Atty., of Houston, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Having previously qualified as eligible in an examination given by the United States Civil Service Commission, appellant, on or about February 28, 1942, received an appointment from the War Department to the position of junior instructor of shop mathematics of the Air Corps at Large, at a salary of $2,000 per annum, subject to a probationary period of six months. Appellant discharged his duties at Ellington Field, Texas, until on or about January 15, 1943, when he was summarily discharged.

Alleging that his discharge was contrary to the United States Civil Service Act and regulations passed thereunder in that no written charges were preferred against him and no hearing had, and that he had committed no act or acts, or omissions to warrant such discharge, and was ready, able, and willing to perform the duties of his position, appellant brought this suit, praying that the order of dismissal be declared void and of no effect and that appellee, through its proper agency, be required to reinstate him in his former position; that compensation for such position be resumed and paid to him; and that judgment be entered in his favor and against the defendant for the sum of $633.33, representing actual damages resulting from his unlawful discharge, and the further sum of $66.66 for each and every month until he was reinstated and compensation was resumed.

The Government moved to dismiss on the ground that the suit was brought under Title 28, Sec. 41, U.S.C.A., and that the court was without jurisdiction to grant the relief for the reason that Subsection 20 thereof expressly denied to the United States District Courts jurisdiction of cases brought to recover fees, salary, or compensation by officers of the United States; and for the further reason that said Section 41, of Title 28 U.S.C.A., made no provision for a suit against the United States for specific performance of a contract for personal service.

From a judgment sustaining the motion and dismissing the suit, appellant prosecutes this appeal.

In this court, appellant states:

"It is clear that the limitation to the jurisdiction of the United States District Courts under Section 41(20), Title 28 U.S.C.A., applies only to persons suing for fees, salary, and compensation who are 'officers of the United States,' and, in the final analysis, the question now before this court resolves itself down to whether or not the appellant is an 'officer of the United States.'"

In United States v. David Mouat, 124 U.S. 303, 8 S.Ct. 505, 506, 31 L.Ed. 463, the Supreme Court said that Article 2, Section 2, of the Constitution, defines who are officers of the United States. The material part of that Article reads:

"He (the President) shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law or in the Heads of Departments."

In United States v. Mouat, supra, the court said:

"What is necessary to constitute a person an officer of the United States, in any of the various branches of its service, has been very fully considered by this court in United States v. Germaine, 99 U. S. 508 [25 L.Ed. 482]. In that case, it was distinctly pointed out that, under the constitution of the United States, all its officers were appointed by the president, by and with the consent of the senate, or by a court of law or the head of a department; and the heads of the departments were defined in that opinion to be what are now called members of the cab-

28

inet. Unless a person in the service of the government, therefore, holds his place by virtue of an appointment by the president, or of one of the courts of justice or heads of departments authorized by law to make such an appointment, he is not, strictly speaking, an officer of the United States."

In United States v. Hartwell, 73 U.S. 385, 6 Wall. 385, 393, 18 L.Ed. 830, appellant had been appointed by the Assistant Treasurer, with the approval of the Secretary of the Treasury, a clerk in the Treasury Department at Boston, and the court held that he was an officer of the United States because appointed by the head of a department within the meaning of the constitutional provision. The court said:

"He was a public officer. The general approbation act of July 23, 1866 (14 Stat. at L. 200) authorized the Assistant Treasurer at Boston, with the approbation of the Secretary of the Treasury, to appoint a specified number of clerks, who were to receive, respectively, the salaries thereby prescribed. The indictment avers the appointment of the defendant in the manner provided in the act.

"An office is a public station, or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties.

"The employment of the defendant was in the public service of the United States. He was appointed pursuant to law, and his compensation was fixed by law. Vacating the office of his superior would not have affected the tenure of his place. His duties were continuing and permanent, not occasional or temporary. They were to be such as his superior in office should prescribe.

\*    \*    \*    \*    \*    \*

"The defendant was appointed by the head of a department within the meaning of the constitutional provision upon the subject of the appointing power. Const. Art. II, § 2."

In United States v. McCrory, 5 Cir., 91

F. 295, 296, the court held that a letter carrier appointed by the Postmaster General was an officer of the United States. The court said:

"Where a person is appointed under authority of law by the head of a department, and his duties are continuing and permanent, and his emolument fixed, such person is an officer of the United States; and that, within the constitutional meaning of the term."

In Foshay v. United States, D.C., 54 F. 2d 668, a postal clerk was appointed by the Postmaster General; in Oswald v. United States, 9 Cir., 96 F.2d 10, a court reporter was appointed by the Federal District Court; in Baskins v. United States, D.C., 32 F.Supp. 518, a guard of the Bureau of Prisons was appointed by the Attorney General; in Callahan v. United States, 74 App.D.C. 281, 122 F.2d 216, a clerk in the Entry Division of the Customs Service was appointed by the Secretary of the Treasury; in Northwestern Mutual Life Ins. Co. v. Quinn, C.C., 69 F. 462, a master in chancery was appointed by the District Court; and in Hoeppel v. United States, 66 App.D.C. 71, 85 F.2d 237, a West Point cadet was appointed by the President—and in each case the appointee was held to be an officer of the United States.

The stipulated facts show that while appellant was appointed by a subordinate executive officer his appointment was made with the approval of the Secretary of the War Department,[1] acting pursuant to Acts of Congress which authorized the position to which appellant was appointed and appropriated funds for the payment of the salary therefor.[2] Appellant's appointment was for an indefinite period, and his duties were set forth in an official manual issued by the War Department under express statutory authority. Under these facts, we think as did the court below that appellant was an officer of the United States within the meaning of Paragraph 20, Section 41, Title 28 U.S.C.A.; and that said court was without jurisdiction of the

---

[1] In McGrath v. United States, 2 Cir., 275 F. 294, it was held that an income tax inspector appointed by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury was an officer of the United States.

[2] Military Appropriation Acts for the

Fiscal years ending June 30, 1943, and June 30, 1944, respectively. Act of July 2, 1942, Chap. 477, Public Law 649, 77th Congress, 2nd Session, 56 Stat. 611, 619; and Act of July 1, 1943, Chap. 185, Public Law 108, 78th Congress, 1st Session, 57 Stat. 347, 356.

claim for compensation asserted by him. We also agree that the court below had no jurisdiction to reinstate appellant in his position,[3] or to review his discharge.[4]

Judgment affirmed.

---

[3] Cf. United States v. Alire, 6 Wall. 573, 18 L.Ed. 947; Love v. United States, 8 Cir., 108 F.2d 43; Lynn v. United States, 5 Cir., 110 F.2d 586; Admiral Oriental Line v. United States, 7 Cir., 86 F.2d 201; Ford Bros. & Co. v. Eddington Distilling Co., D.C., 30 F. Supp. 213.

[4] Cf. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 257 U.S. 82, 42 S. Ct. 12, 66 L.Ed. 140; Ligare v. Harries, 7 Cir., 128 F.2d 582; Love v. United States, 8 Cir., 108 F.2d 43.