**Harry Ray SMITH**

v.

**The UNITED STATES.**

No. 145–54.

United States Court of Claims.

Jan. 31, 1956.

Claude L. Dawson, Washington, D. C., for plaintiff.

Frances L. Nunn, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on motions for summary judgment by both plaintiff and defendant.

Plaintiff sues under a private act of Congress for the salary of which he was deprived by reason of his suspension as an immigrant inspector, United States Immigration and Naturalization Service, from July 11, 1938, to September 27, 1939.

Plaintiff entered the United States Immigration and Naturalization Service on May 27, 1926, but on July 11, 1938, he was discharged on the ground that he was not a citizen of the United States. Later, after the decision of the Supreme Court in Perkins v. Elg, 307 U.S. 325,

954

59 S.Ct. 884, 83 L.Ed. 1320, holding that similar persons were citizens of the United States, he was reinstated, to wit, on September 27, 1939.

It seems that plaintiff's father and mother were native-born American citizens, but in 1911 the family moved to Canada, and plaintiff's father became a Canadian citizen in 1915. Plaintiff at that time was about 18 years of age.

The United States Court of Appeals for the Ninth Circuit held in United States v. Reid, 73 F.2d 153, that under such circumstances plaintiff lost his American citizenship. Section 3 of the Appropriations Act of April 27, 1938, 52 Stat. 289, prohibited the payment of appropriated funds to persons employed by the Federal Government who were not citizens of the United States. For this reason plaintiff was discharged on July 11, 1938. Later, when the Supreme Court decided the case of Perkins v. Elg, supra, holding that such persons had not lost their citizenship, plaintiff was reinstated.

Except for the special act under which plaintiff sues, it is clear that plaintiff would have no right of action against the United States because there is no allegation that the procedural requirements of the Act of August 24, 1912, 37 Stat. 539, 555, were not complied with, and his discharge was not otherwise illegal. Ginn v. United States, 110 Ct.Cl. 637; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. Hence, it would have been futile for Congress to have passed the special act, being Private Law 75, approved June 29, 1953, 67 Stat. A28, unless it was intended thereby to confer some right on the plaintiff which he did not then possess. It will be noted that the Act confers jurisdiction on us to render judgment on plaintiff's claim "for compensation which he would have received * * * during the period from July 11, 1938, to September 27, 1939, *had he not been suspended from the Service during such period* * * *." [Italics ours.] It will be noted that the Act

does not say "had he not been *illegally* suspended." Under the special act, therefore, if it is a fact that he had been suspended, and if, except for that suspension, he would have received compensation from the Government, he apparently is entitled to recover.

The Senate Report accompanying the bill, which became the private act in question, leaves no doubt that it was intended thereby to confer jurisdiction on us to render judgment in plaintiff's favor upon proof of the fact of suspension and the amount of compensation he would have received, except for the suspension, and the amount he had earned in other employment during the suspension. The Committee Report says, among other things:

"The record is clear that this claimant lost his Government position as the result of an administrative determination which proved erroneous in the light of the Elg decision referred to above. The committee does not feel that the claimant should be required to bear such loss as he may have suffered as a result of this administrative determination. However, the committee does not feel that this claimant should have any greater right than that accorded generally to other Federal employees under Public Law 623 of the Eightieth Congress. [Act of June 10, 1948.] That law provided for the payment of salaries to Federal employees for periods of improper separation or suspension from the service less such amounts as might have been earned by the employee through other employment during such period.

"The committee has, on occasion, provided for direct payment of claims such as this. However, the committee does not have information, concerning the salary of the claimant at the time of this suspension nor the amounts earned by him during the period of his suspension."

Attention is called to the fact that the Senate Report says, "However, the com-

mittee does not feel that this claimant should have any greater right than that accorded generally to other Federal employees under Public Law 623 of the Eightieth Congress." Public Law 623 became the Act of June 10, 1948, 5 U.S. C.A. § 652. The Act of June 10, 1948, provided a right of action for salary lost during a period of suspension or discharge where the employee was later "restored to duty on the ground that such removal or suspension was unjustified or unwarranted". Quite clearly in this case plaintiff was reinstated on the ground that his discharge had been unjustified or unwarranted. The Committee Report shows that it was the intention of Congress, in passing this special jurisdictional act, to confer on plaintiff the same rights that he would have had had he been reinstated subsequent to the passage of the Act of June 10, 1948.

Indeed, the concluding paragraph of the quotation from the report set out above shows that Congress would have provided for direct payment of plaintiff's claim without referring the case to us for decision if it had had information as to the amount plaintiff would have earned had he not been suspended and the amount he earned from other employment during his suspension.

Ordinarily, Congress, by the passage of special jurisdictional acts, intends to do no more than to provide a forum for the adjudication of a claim; but here it seems plain they intended to authorize us to enter a judgment upon a finding that plaintiff had been discharged, whether illegally or not, for the amount he would have received had he not been suspended, less the amount earned in private employment.

The defendant does not deny the fact of suspension nor does it deny that he would have received compensation from the Government, except for that suspension. Furthermore, the amount of the salary which he would have received is practically agreed upon. The plaintiff's affidavit says that it was $3,500,

and the defendant's affidavit says it was $3,262.50. There is a slight variance there, but this is hardly material.

The special act also requires that there be deducted from the amount of compensation he would have received any amount which the plaintiff had earned during the period in other employment. Plaintiff in his affidavit says he earned the sum of $500 during the period, and this is not controverted by the Government. Hence, no fact entitling plaintiff to recover under the special jurisdictional act is in dispute, and the entry of a summary judgment is proper.

Defendant's motion is denied. Plaintiff's motion is granted, and judgment will be entered in his favor for the amount of $3,262.50, less $500.00, or the sum of $2,762.50.

It is so ordered.