**Walter HIRSCH**

v.

**The UNITED STATES.**

**No. 397–71.**

United States Court of Claims.

July 19, 1974.

Michael B. Roger, San Francisco, Cal., for plaintiff; Victor J. Van Bourg, San Francisco, Cal., atty. of record. Levy, Van Bourg & Hackler, San Francisco, Cal., of counsel.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. Carla A. Hills, for defendant.

Before LARAMORE, Senior Judge, and DAVIS and BENNETT, Judges.

## OPINION

PER CURIAM: *

Plaintiff is regional director of educational research in the San Francisco office of the Office of Education of the Department of Health, Education and Welfare. The regional office is headed by a regional assistant commissioner.

In March 1968 and for some time thereafter plaintiff was denied a promotion from grade GS–14 to GS–15 and he now sues for the difference in pay between the two grades, claiming that the denial of promotion was discriminatory. He has since been promoted to grade GS–15.

Plaintiff does not claim that he was discriminated against because of race, color, creed, sex, age, national origin or any other ground which is the subject of executive order or statute, and for this reason the Civil Service Commission would not entertain his appeal from the denial of promotion. The Commission offered to entertain his appeal as a position classification appeal, that is, a proceeding to require that his position should be reclassified at the higher grade. Plaintiff refused. He was seeking, he said, "an adjudication based on overwhelming evidence that I have been

---

* This opinion incorporates that of Trial Judge David Schwartz, with some modifications. There are also some changes in the trial judge's findings which we adopt in the main.

denied advancement in my job situation here solely as the result of repeated discriminations against me—discriminations not based on race, color or creed, but just plain old-fashioned discrimination in the form of varied actions (covert and overt) utterly extraneous to civil service merit considerations."

Plaintiff was employed as regional director of educational research in July 1967, with a personal commitment from the program officers for regional educational research in the Office of Education that he would be recommended for promotion when, as was expected, the position would be classified at grade GS–15.

The position was in January 1968 reclassified at both GS–15 and GS–14. His superiors in the educational research field at headquarters felt he was qualified and deserved promotion, and recommended the promotion of plaintiff and of several other regional directors of educational research in other regions.

Such recommendation was made at least three times, between January and November of 1968. Others in like position—regional directors of educational research—but not all regional directors were recommended for promotion at the same time as the plaintiff. Each time the others were promoted, and plaintiff was not.

The first time the reason for the nonapproval was the expression of an opinion by the Director of Personnel that he, plaintiff, had been involved in a conflict of interest case against the officer who had recommended him for promotion. If this opinion meant that plaintiff was somehow tainted by a conflict of interest charge, it was without merit. The charge of conflict of interest had not been made against the plaintiff; it had been made, and the accused officer cleared, before plaintiff joined the agency and plaintiff's involvement was only minimal, as a witness, and in all respects proper.

The second and third recommendations failed because of the opposition, or at least the nonapproval, of the regional assistant commissioner, plaintiff's nominal and administrative superior in San Francisco, who had the support of his superiors in the Office of Field Services at headquarters in Washington. There seems to have been a long-standing dispute between the two groups—the research program officers, who recommended plaintiff's promotion, and the line officers. The regional assistant commissioner, chief of the San Francisco regional office, felt that plaintiff was not active enough in covering his territory. Plaintiff's program supervisors in Washington, however, wanted him to be just as active or inactive as he was in fact. He was not, they instructed him, to overstimulate the area into presenting more proposals for aid than funds could provide. In a direct conflict over plaintiff's qualifications for promotion the director of educational research in Washington rated plaintiff's performance high, and the regional assistant commissioner rated him not responsive to the needs of the region. Essentially, plaintiff was an innocent victim of a jurisdictional dispute between his superiors at headquarters in Washington and the officers at headquarters in charge of regional offices.

Eventually the acting commissioner ordered an informal investigation of the dispute over the recommendation for plaintiff's promotion. The result was that it was felt that plaintiff had been unfairly treated and should be promoted.

Unhappily, however, conditions had by this time changed. Funds expected to be forthcoming for regional educational research had not materialized, the contemplated staff could not be hired in the contemplated number, the program was curtailed and the position of regional director of educational research could not justifiably be filled by a GS–15. Indeed, the agency now determined that the position warranted only a GS–14 rating and planned to fill any vacancies with GS–14 officers. Conditions apparently changed again, and in November 1970 plaintiff was promoted to the

grade of GS–15 pursuant to new job descriptions reclassifying the job as a GS–15.

 It thus appears, as indicated earlier, that for over 2 years plaintiff was denied promotion for reasons extraneous to plaintiff and his work and thus in consequence he failed to occupy a higher grade and earn its pay from about March 1968 to November 1970. It has not, however, appeared that those whose nonapproval brought about the denial were acting dishonestly, in bad faith or in excess of their jurisdiction. Absent a showing by strong proof, it is presumed, and on the evidence it has thus been found, that the officers who withheld their approval of the promotion acted in good faith. *See* Greenway v. United States, 175 Ct.Cl. 350, 362, cert. denied, 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966); Knotts v. United States, 121 F.Supp. 630, 631, 128 Ct.Cl. 489, 492 (1954).

The recommendation for plaintiff's promotion was disapproved by honest, if possibly mistaken, officers of his agency who were entitled to oppose the promotion. Even if the facts be held to constitute not a delay in promotion but a flat denial of a deserved promotion for reasons later found to be erroneous, no wrong has been done for which a remedy lies in the courts.

 The judgment of the officers involved may have been bad, but theirs was the discretion to make both good and bad decisions on personnel matters. There has been no proof that they abused their discretion or acted in an arbitrary or capricious manner. The courts cannot substitute their judgment for those in the Executive Branch entrusted with the discretionary duties of appointment, supervision and promotion of the officers in the Executive Branch. *See* Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140 (1921). To grant the relief requested would be a judicial grant of a promotion discretionary with the administrative authorities. This the courts will not do. Desmond v. United States, 201 Ct.Cl. 507, 526 (1973); Allison v. United States, 451 F.2d 1035, 196 Ct.Cl. 263 (1971).

Plaintiff has no claim upon which relief can be granted, and his petition should be dismissed.