**Emile RUTNER, Appellant,**

v.

**Thomas C. REED, Secretary of the Air Force, et al., Appellees.**

**No. 75–1730.**

United States Court of Appeals, District of Columbia Circuit.

Submitted without argument.

Decided June 30, 1976.

---

Donald H. Dalton, Washington, D. C., was on the brief for appellant in 74–1146.

Earl J. Silbert, U. S. Atty., John A. Terry, Robert M. Werdig, Jr., and Garey G. Stark, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee in 74–1146.

Before BAZELON, Chief Judge, TAMM and ROBB, Circuit Judges.

ROBB, Circuit Judge:

The appellant Dr. Emile Rutner is an Air Force employee entitled to veterans preference. In 1967 he applied for the position of GS–1320–15 Chemist in the Air Force Office of Scientific Research, Directorate of Chemical Sciences, a position which had been advertised under the Air Force Merit Promotion Program. Another applicant, Dr. Donald L. Ball, who was not an employee of the Air Force, was appointed. Paragraph 11 of Air Force Regulation 40–922 provides that when a person from another agency is selected in place of an Air Force employee that person must have "clearly superior qualifications," and this fact must be documented. Dr. Rutner asked the Air Force for the documentation supporting the selection of Dr. Ball. The Civilian Personnel Officer of the Air Force responded with a summary report of findings and a decision that the evidence supported the conclusion that a clearly better qualified individual had been selected.

Having exhausted his administrative remedies Dr. Rutner filed suit in the District Court seeking the termination of the employment of Dr. Ball and asking that he himself be designated the selectee, retroactively to June 1967. After an *in camera* review of documents produced by the Air Force in support of its decision the district judge found that "there is a factual basis for concluding the Air Force did select a candidate with superior qualifications". Accordingly the district judge granted the defendants' motion for summary judgment. *Rutner v. Seamans,* 365 F.Supp. 651 (D.D.C. 1973). Dr. Rutner appeals.

The decision of the Air Force, that the qualifications of Dr. Ball are superior to those of Dr. Rutner, is supported by substantial evidence in the open record before the District Court. The man selected was required to have an attractive personality and the ability to communicate and to deal with people. Three letters attest to Dr. Ball's pleasing personality and ability to work in harmony with others and to communicate effectively with them. Letter, Edwards to Horney, May 1, 1967 (Rec. p. 221); letter Hughel to Horney, May 1, 1967 (Rec. p. 222); letter Robinson to Horney, May 1, 1967 (Rec. p. 224). On the other hand a letter dated June 5, 1967 from Tanner to Horney (Rec. p. 220) describes Dr. Rutner as "contentious and pedantic" and "usually untidy, sometimes to a rather distressing extent." On this letter Dr. Horney notes in longhand "I had 2 verbal references which confirms [sic] the above. I have known this man for years and I will leave the spot vacant before bringing him into this office." It appears moreover that in an interview July 14, 1967 Dr. Rutner was fully informed of the basis for the decision not to select him. *See* letter, Horney to Rutner, March 12, 1968 (Rec. 72–74). In these circumstances a court may not substitute its judgment for that of the Air Force. *See Eberlein v. United States,* 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140 (1921);

*Keim v. United States,* 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); *Jason v. Summerfield,* 94 U.S.App.D.C. 197, 214 F.2d 273, *cert. denied,* 348 U.S. 840, 75 S.Ct. 48, 99 L.Ed. 662 (1954); *Powell v. Brannan,* 91 U.S.App.D.C. 16, 196 F.2d 871 (1952); *Friedman v. Schwellenbach,* 81 U.S.App. D.C. 365, 159 F.2d 22 (1946), *cert. denied,* 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285 (1947).

The additional materials examined by the District Court *in camera* merely corroborate the evidence available in the public record. It would be frivolous in this case to suggest that the Air Force's decision could have been materially influenced by the portion of the record which was not made public.

Since we rest our decision on those materials which were available in the open administrative record, we have no occasion to decide whether it was proper for the District Court to rest its grant of summary judgment on materials which were not available for inspection by the plaintiff.[1]

The judgment of the District Court is *Affirmed.*

---

1. We note also that the Privacy Act, 5 U.S.C. § 552a(k)(7) (Supp. IV, 1974) provides specific authority to withhold portions of recommenda-

tions to the armed forces received "under an implied promise that the identity of the source would be held in confidence."