Howell, Judge,
delivered the opinion of the court:
This is a suit for salary which the plaintiff claims is due him for a period of time during which he was prevented from working by reason of his wrongful dismissal from the federal service.
The facts as found by the court are as follows:
On May 11, 1942 plaintiff was appointed a Junior Accountant in the Office of Price Administrator, where he continued to serve except for approximately three months in the United States Army, until October 3, 1946, when he was notified of 30 days’ suspension and dismissal on account of insubordination, unauthorized entering of files, use of confidential reports for personal advantage, and disregard of official working hours. At that time plaintiff, who was a Cost Accountant (CAF-9), objected to the notice as not complying with the Veterans’ Preference Act of 1944.
On October 21, 1946, plaintiff received a second notice reiterating the above-mentioned charges as basis for dismissal after 30 days, and was advised that he would remain in an active duty status during this 30-day period in conformance with the Veterans’ Preference Act. The notice further advised plaintiff that he might reply to the charges in writing within ten days; that if the decision thereafter made was adverse, he could appeal to the Director of Personnel and request a hearing; and that he might appeal to the Civil Service Commission under the Veterans’ Preference Act. On October 31, 1946, plaintiff filed his written reply to the charges, but on November 22,1946, he was duly notified of his dismissal. He was actually separated from his position at the close of business on Friday, November 22, 1946, but was allowed to remain on the payroll through six *237 hours of the following Monday, November 25,1946, in order to allow payment for his accrued leave. This six-hour leave payment included $8.46 for four extra hours which plaintiff was allowed for the week of November 25 to 29, 1946, inclusive, to which he obviously was not entitled. Plaintiff therefore was paid for the period from October 21 to November 25, 1946, but after that date he received no further compensation.
Plaintiff thereafter appealed to the Director of Personnel, requested a hearing, and filed a memorandum. A duly constituted appeals board heard plaintiff’s appeal and finally recommended that plaintiff be separated from the agency because of “his general behavior on the job,” but that he be permitted either to resign or, “in the light of the agency’s plans for staff reduction,” that he be included in a reduction in-force, thereby securing a separation which, unlike dismissal, would not prejudice future employment opportunities. The board’s recommendations were accepted by the head of the agency, who, on March 12,1947, offered plaintiff' “a choice of two alternatives,” — resignation or separation “as part of the reduction in force.” Plaintiff thereupon elected the reduction-in-force alternative.
Plaintiff was advised on March 21, 1947 of his furlough incident to reduction in force effective at the close of business on March 31, 1947, and was subsequently notified on April 15, 1947 that his previous dismissal status had been changed to leave without pay effective November 25, 1946,, the date upon which his dismissal had been made effective and since which date he had received no further compensation. A supplemental notice on April 18, 1947 confirmed to plaintiff his furlough incident, to reduction in force commencing April 1, 1947, that he had previously been carried in a leave-without-pay status, and that there was no annual leave credit outstanding for the period from November 25, 1946 to April 1, 1947. Plaintiff took no appeal or other action with respect to this ruling, neither did he take any appeal to the Civil Service Commission.
The salary and compensation for annual leave during the suspension period from October 4 to 20, 1946 would have amounted to $203.09. Plaintiff’s salary from November 25, 1946 to March 31, 1947 would have amounted to $1,540.38 *238 with an annual leave accrual, not valued at $141.73. The four-hour leave overpayment for the week ending November 29, 1946, during which plaintiff did not work, amounted to $8.46. As pointed out above, plaintiff was not otherwise gainfully employed during the periods October 4 to 20, 1946, and November 25, 1946 to March 31>, 1947, for which he seeks compensation in this suit.
The defendant has admitted the plaintiff’s initial dismissal of October 4,1946 was without proper procedural notice, and that, accordingly, plaintiff is entitled to the salary he should have received from October 4 to October 20,1946.
We are, therefore, called upon to first decide whether plaintiff’s dismissal of November 22,1946 was in accordance with the proper procedural notice set out in the Vetei*ans’ Preference Act of 1944 (chapter 287, 58 Stat. 390, 5 U. S. C. 863).
This Act provides, in pertinent part, as follows:
No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or i n any establishment, agency, bureau, administration, project, or department, hereinbefore referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days’ advance written notice (except where there is reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed), stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision :
Provided, That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with *239 such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative:
Provided further, That the Civil Service Commission may declare any such preference eligible who may have been dismissed or furloughed without pay to be eligible for the provisions of section 15 hereof.
On October 21, 1946, plaintiff was given notice in writing of his dismissal effective November 22, 1946; that he was being kept in active duty status and on the payroll during the 30-day period, and further that he might reply to the charges in writing within ten days; that if the decision thereafter was adverse, he could appeal within the agency and request a hearing; and that he might appeal to the Civil Service Commission under the Veterans’ Preference Act.
Plaintiff’s dismissal charges were set forth under four headings: (1) insubordination, (2) entering files, (3) use of confidential reports for personal advantage, and (4) unsatisfactory behavior. Plaintiff did avail himself of the opportunity to file a written reply and later his dismissal was affirmed with the proper salary and leave accrual adjustments being, made through Monday, November 25, 1946. It appears, therefore, to the court that the termination of employment on November 22,1946 followed the requirements of the Veterans’ Preference Act and that plaintiff’s discharge was effective and legal in every aspect.
Where it is apparent that the procedural requirements for the removal of federal employees have been followed, in the absence of any charge on the part of the employee so removed that the separation authorities’ actions were arbitrary, capricious or malicious, this court has consistently held that such employee is not entitled to recover back salary. Recently, in the case of Croghan v. United States, 116 C. Cls. 577, in denying recovery in a suit of this nature, we said:
Reasonable cause for removal is sufficient under the statutes since under the law authority to dismiss an employee for cause is vested in the proper administrative *240 officers without specific limitation on their exercise of judgment and discretion, under that authority, and no provision is made for review of their findings where the prescribed procedure is followed, as it was here. Dismuke v. United States, 297 U. S. 167; James Carlisle Baskin v. United States, 95 C. Cls. 455, 459, 460. The power of removal is incident to the power of appointment. Myers v. United States, 272 U. S. 52; Burnap v. United States, 252 U. S. 512. An allegation of arbitrary and capricious action must be so clearly established as to show that the action was taken maliciously and in bad faith. Gadsden v. United States, 111 C. Cls. 487. No such showing has been made here. On the contrary the record shows that there was substantial evidence to support the decision dismissing the plaintiff from the service.
The decisions of this court are uniform in the holding that we will not review the causes of removals of employees where it appears that the procedural requirements prescribed by law have been complied with, Culligan v. United States, 107 C. Cls. 222; Wittner v. United States, 110 C. Cls. 231; Gadsden v. United States, supra, cf. Bayly v. United States, 99 C. Cls. 598.
Our latest expression is found in the case of Harold Robert Love v. United States, 119 C. Cls. 486 (certiorari denied), as follows:
The Supreme Court has held that if the procedural requirements are complied with the Court of Claims has no jurisdiction to review the cause for the removal. Eberlein v. United States, 257 U. S. 82; Keim v. United States, 177 U. S. 290.
When such requirements have been complied with it has been held that the only basis for setting aside the action of the administrative officer is to show that the decision was arbitrary or capricious, or so grossly erroneous as to imply bad faith. There is no such showing in this case. In the absence of such a showing the decisions have been uniform that this court may not interfere with the action of an administrative agency.
The plaintiff has not charged that the actions of the separation authorities were arbitrary or capricious, and the tripartite Board of Appeals expressly found that “* * * his general behavior on the job and particularly his con *241 sistent non-conformance to established working hours leads the Board to recommend his separation from the Agency.”
The Appeals Board recommended that plaintiff be permitted to resign or be separated by furlough incident to a general reduction in force. Apparently this recommendation was made in order to remove the stigma from the previous dismissal order which would materially affect the plaintiff’s re-employment opportunities with the government especially in view of the fact that the plaintiff was during his period of suspension actively seeking a job with the United Nations Belief and Behabilitation Administration (TJNBBA). Thus, in its effort to afford plaintiff every equitable consideration, the Board recommended separation from the Agency in the most reputable manner possible under the circumstances. In reaffirming its original position as a result of a second hearing, the Appeals Board stated:
The Board of Beview recommends that Mr. Blum’s services now be terminated in such a maimer that he may obtain employment in another government agency.
The plaintiff was given a choice by the Commissioner of Price Administration in his letter of March 12, 1947 of two alternatives : “* * * you may tender your resignation or you may, if you prefer, waive your special rights under the Veterans’ Preference Act and the reduction-in-force regulation and be separated from the agency as part of the reduction in force. * * The plaintiff voluntarily selected the reduction in force as the means to effectuate his separation, and after receipt of his furlough incident to reduction in force, effective March 31,1947, plaintiff was later notified on April 15,1947 that his dismissal status had been changed to the status of leave without pay effective 3:30 p. m., November 25,1946.
The plaintiff has placed considerable emphasis upon the form of the reduction-in-force notice which was given to him on March 31, 1947. This notice is in evidence as an exhibit to the Stipulation of Facts and appears to be a mimeographed form of notice which was given to all employees affected by the reduction in force which was undertaken at that time. It contains this language:
*242 Because of program cut-backs, OPA is forced to curtail staff. We have ranked employees on the basis of the reduction in force regulations of the Civil .Service Commission, and find that we must give you this notice-of furlough.
This does not mean that you will go off the payroll immediately. You will remain in active duty status: until the close of business on March 31,1947. You will then be placed on furlough (annual leave plus leave* without pay) until one year from the date at the top of' this notice unless you request separation, transfer to< another agency, or are recalled to duty in OPA.
Obviously this general notice could have no application to-plaintiff insofar as his pay status as of March 31, 1947 was. concerned, in view of the fact that he had been dismissed at the close of business on November 22, 1946 and separated, from the payroll three days later on November 25,1946.
The plaintiff actually did not exhaust the administrative-remedies available to him under the Veterans’ Preference Act of 1944 in that he did not appeal to the Civil Service Commission, nor did he assert any claim for salary with the” Agency itself. The defendant has also interposed the defense of laches, the consideration of which is not required*, for the purposes of this opinion.
From a consideration of all the facts and circumstances,, we are of the opinion that the plaintiff’s discharge was regular and legal in every respect, and consequently he is not entitled to recover salary from November 25, 1946 to March-31, 1947, amounting to $1540.38 with the annual leave accrual valued at $141.73. (Butler v. United States, 101 C. Cls. 641, 644, 645).
He is entitled to judgment in the amount of $203.09, representing the illegal suspension period from October 4 to 20,. 1946 from which must be deducted $8.46, representing the-four-hour leave overpayment which plaintiff received for the-week ending November 29,1946.
Judgment will be entered in plaintiff’s favor in the amount of $194.63.
It is so ordered.
MaddeN, Judge; Wi-iitakek, Judge; LittletoN, Judge? and JoNes, Chief Judge, concur.