PER curiam:
Plaintiff, a former employee of the Reconstruction Finance Corporation, has sued for the difference between the salary he actually received as Senior Technical Assistant and that of the higher grade of Senior Engineer, from October 15,1945, to March 20,1948; also, for the salary of the grade of Senior Engineer from the time he was released by a reduction in force on March 30,1948, and for overtime pay during the period from October 15, 1945, to January 9, 1948.
On October 10,1945, the Eeconstruction Finance Corporation tendered to plaintiff by telegram a war service indefinite appointment as Senior Technical Assistant at a salary of $4,290 per annum. On October 15,1945, plaintiff subscribed to the oath of office and entered upon his duties on October 17, 1945, in the Office of Defense Plants at West Lynn, Massachusetts.
On December 2, 1947, plaintiff was given a reduction-in-force notice informing him that because of budgetary limitations restricting personnel ceilings his active service would be terminated at the close of business on January 9, 1948, and that he would be carried on the rolls of the Reconstruction Finance Corporation for 120 days from December 1, 1947, the date of the notice. Plaintiff was further advised of his right to examine the retention preference register and of his right to appeal to the First United States Civil Service Region in Boston, Massachusetts, within 10 days.
*333 On December 9, 1947, plaintiff filed an appeal from-the reduction-in-force action with the Director, First United States Civil Service Eegion, Boston, Massachusetts.
On December 26,1947, the Eegional Director sustained the reduction-in-force action and advised plaintiff accordingly.
Plaintiff was never in the United States military or naval service and makes no claim for veteran’s preference. At the time of the reduction-in-force action, Mr. Henry J. Williams, also a nonveteran, was plaintiff’s only competitor on the employment rolls of the Eeconstruction Finance Corporation. He had six retention credits, representing five years’ previous service with the United States and one credit for an efficiency rating of “good.” Plaintiff was credited with four years’ previous federal service and one credit for an efficiency rating of “good,” making a total of five retention credits. In making up the retention register the authorities of the Boston Eegional Office of the Eeconstruction Finance Corporation secured from each employee, by way of a questionnaire, a statement of the employee’s former federal service. Plaintiff submitted such a questionnaire which was used to determine that he had four years’ previous federal service, including his service with the Eeconstruction Finance Corporation. He also executed two separate personal history cards setting out his previous federal service. These cards also showed only the four years of service set out in the questionnaire mentioned above. No Shipping Board or Army Transport employment was listed on the questionnaire or the personal history cards.
On April 7, 1948, for the first time plaintiff advised the Eeconstruction Finance Corporation that he had federal service which had not been considered in establishing his points on the retention register. This matter was investigated by the Civil Service Commission, and it was established that plaintiff was entitled to approximately two years’ additional federal service due to employment by the United States Shipping Board for short intervals between May 1919 and October 1927 and also due to almost three months’ service with the Army Transport Service from February to May, 1919. As a result of the establishment of the additional *334 service for plaintiff, the Civil Service Commission advised the Reconstruction Finance Corporation that approximately two years’ additional service had been established for plaintiff which would give him seven retention credits as compared to six credits for Williams, his competitor. The Reconstruction Finance Corporation in turn advised the Civil Service Commission that Mr. Williams was also a war service indefinite employee and that his services had been terminated on March 31, 1948, pursuant to the instructions received from Civil Service on December 15, 1947, which required the Reconstruction Finance Corporation to terminate all such appointments. On May 17, 1948, the Acting Regional Director for the First Civil Service Region in Boston advised plaintiff of these developments and stated:
Under these conditions, it is the opinion of this office that the reduction-in-force action taken by the Reconstruction Finance Corporation should not be set aside as your separation would have been effected in any event.
Plaintiff continued to protest and wrote many letters in connection with his appeal to the Civil Service Commission. On April 12, 1949, the Chairman of the Board of Appeals and Review of the Civil Service Commission, after conducting an investigation and a hearing in the matter, advised plaintiff of the Board’s decision that the decision previously reached by the First Regional Office was affirmed (Finding 8).
Plaintiff’s application for employment, Form 57, listed his past employment, both federal and private, with the most recent listed first. He listed “U. S. Bureau of Mines” from April 1942 to October 1944, which service he also listed on his personal history card and was given credit for it on the retention register. Far down the list on Form 57 plaintiff, listed his employment from 1916 to 1922 as “U. S. Army Transport & various SS Companies.” This service he did not list on either his personal history card or the questionnaire. Since plaintiff had filed a more recent questionnaire and personal history card omitting any reference to such employment, apparently this reference on Form 57 escaped the attention of the personnel officer. It had also either escaped plaintiff’s attention or it did not occur to him as *335 federal service because it was not mentioned in any of his appeals from reduction in force or other communications until April 7, 1948, several months after the effective date of his termination.
From the testimony which has been used as a basis for our findings, it is apparent that plaintiff’s only basis for complaint is that he was improperly denied retention credits for the service which did not appear in the various forms which he filed with the Reconstruction Finance Corporation authorities. Had plaintiff been given credit for the three months of federal service which he did indicate on his Form 57, apparently overlooked by the personnel officer, this fraction of one year’s service would not have improved his competitive standing on the retention rolls at the time of the reduction-in-force action.
Had plaintiff taken proper steps to correct the records on the retention rolls which he was advised he had the opportunity to examine at the time of the notice of reduction in force on December 2, 1947, he would have had a maximum of seven retention credits.
However, the additional service credits were first called to the attention of the Civil Service Commission by the Reconstruction Finance Corporation on April 7, 1948. Before that time and shortly after plaintiff received his reduction-in-force notice on December 2, 1947, the Civil Service Commission on December 15, 1947, instructed the Reconstruction Finance Corporation to release all war service and temporary indefinite employees of the category in which plaintiff and Henry J. Williams were serving by February 13,1948. Pursuant to this directive the services of plaintiff’s competitor on the reduction-in-force list, the said Williams, were terminated on February 26, 1948, effective March 31, 1948. Obviously, had plaintiff not been separated by reduction in force on January 9,1948, he would have been separated by March 31,1948, in connection with the replacement order of the Civil Service Commission. This would have been only one day longer than plaintiff actually remained on the payroll upon the expiration of his accrued leave. From this it can be seen that plaintiff was not subject to any undue hardship by reason of. his earlier reduction in force upon the basis of the retention records as they actually existed at that time.
*336 However, it was entirely due to the fault of the plaintiff that the records regarding his previous federal employment did not disclose the full extent of his service. Had this previous service been called to the attention of the personnel officer, we believe that he would have taken the proper steps to give plaintiff credit therefor. Under these circumstances plaintiff should now be estopped from making any claim for additional retention credits. Ralston Purina Co. v. United States, 75 C. Cls. 525.
The Civil Service Commission formulated the reduction-in-force regulation under specific authority vested in it by Section 12 of the Veterans’ Preference Act of 1944, 5 U. S. C. 861. Plaintiff’s reduction in force was effected in accordance with these laws and regulations. In the absence of any showing of arbitrary or capricious action on the part of any representative of defendant, we cannot say that plaintiff’s dismissal was illegal or wrongful. Joseph P. Blum v. United States, 120 C. Cls. 232; Harold Robert Love v. United States, 119 C. Cls. 486 certiorari denied, 342 U. S. 866.
While plaintiff alleges in his petition that he was appointed to the position of Senior Engineer, there is no proof in the record to sustain this contention. He was tendered the appointment of Senior Technical Assistant at a salary of $4,290 per annum. He accepted that position and received the stated salary from the time he entered upon his duties until the expiration of his terminal leave March 30, 1948, without protest. Accordingly, he has been paid all the salary due him for that period.
Finally, it was the policy of the Reconstruction Finance Corporation not to compensate employees for overtime unless it was specifically authorized. Plaintiff was never authorized to work overtime and no overtime was performed by him that was approved. Plaintiff, therefore, cannot recover pay for alleged overtime. Tabbutt v. United States, 121 C. Cls. 495.
Plaintiff’s petition will be dismissed.
It is so ordered.
On December 2,1952, plaintiff’s motion for clarification of judgment in this case (No. 49201) was denied.