Howell, Judge,
delivered the opinion of the court:
Plaintiff, who appeared pro se, was for many years prior to 1944 engaged in the general practice of law.
Effective February 16,1944, he was appointed to the position of Adjudicator, Indefinite, P & S Service, Grade 2, at a salary of $2,600 per annum with the Veterans’ Administration. On that date, plaintiff took the oath of office and began work in Pittsburgh, Pennsylvania.
Plaintiff received promotions and periodic increases in pay and on February 7, 1948, he was earning $4,275 per annum. At that time he held an efficiency rating of “Good” and by reason of his length of service for a period of less than five years and the fact that he was not a veteran he was credited with-seven retention points and placed for retention purposes in Class B, Subdivision 2.
On January 7,1948, defendant wrote plaintiff that because of the curtailment of adjudication activities in the Veterans’ Administration a reduction in force would be necessary and plaintiff’s active services would be terminated at the close of business on February 7,1948.
*416 In this letter plaintiff was advised of bis opportunity to obtain further information concerning Civil Service Regulations relating to reductions in force and to examine the Retention Preference Register. Further, if he felt that any of his rights under the regulations had been violated, he could appeal in writing to the Director, Third United States Civil Service Region at Philadelphia, within 10 days.
On the same day that plaintiff was discharged, the Veterans’ Administration, because of the necessity to reduce forces, discharged adjudicators of the same grade as plaintiff with as many as eight retention points and all other adjudicators of plaintiff’s grade with fewer than eight retention points.
Plaintiff was paid for accrued annual leave up to and including April 21,1948.
Plaintiff appealed from his dismissal to the Regional Office of the Civil Service Commission which on February 20, 1948, affirmed the action taken (Finding 10). In effect, it advised him that it could not sustain his contention that as a war service indefinite employee he should have been notified at the time of his appointment that he could be separated under reduction in force regulations. The Commission also pointed out that the only appeals which it would accept were those based upon such factors as error in the retention register or records, incorrect efficiency ratings, violation of the rules of selection of employees for separation under the Retention Preference Regulations, restriction of the competitive area or competitive level or similar matters specified in the Retention Preference Regulations which would be made available to him for study upon request.
Plaintiff was also advised of his right to appeal to the United States Civil Service Commission within 30 days. He did file his appeal and on May 28,1948, was advised that the previous action of the Third Regional Office was affirmed and his appeal dismissed.
In this suit, plaintiff seeks to recover the sum of $2,600 per annum from April 22, 1948, to the end of the war and six months thereafter. He contends that he entered into a contract with the defendant for his personal services for that period of time on February 16,1944, the date of his appoint *417 ment, but that subsequently the United States Civil Service Commission under the provisions of the Veterans’ Preference Act of June 27, 1944, 5 U. S. C. 851-869, 58 Stat. 387, adopted a “Retention-Preference Register” which undertook to make plaintiff’s contract terminable according to the comparative standing of plaintiff with that of other employees.
This court takes judicial notice of the fact that many government agencies were established for “the duration of the war and six months thereafter.” Many, if not all, of the permanent agencies, including the Veterans’ Administration, adopted analogous language to describe the temporary nature of employment given to the great number of additional employees made necessary by the complex nature of the country’s war effort. Plaintiff knew or should have known when he accepted his appointment as “Adjudicator, Indefinite, P & S Service, Grade 2” that the duration of his employment was uncertain.
At the time of his appointment, neither the plaintiff nor the Veterans’ Administration could have anticipated the Veterans’ Preference Act which followed approximately four months after and hence did not realize that plaintiff would be subject to Civil Service Regulations pertaining to reductions in force. Effective June 27, 1944, Congress did pass the Act known as the Veterans’ Preference Act which affected every employee of the United States Government, and Section 860 of the Act authorized the Civil Service Commission to promulgate appropriate rules and regulations for the administration and enforcement of its provisions.
Thus, under such authorization from Congress and appropriate regulations by the Civil'Service Commission, the Veterans’ Administration set about to accomplish orderly reductions in force with due regard to the Retention Preference Register. Plaintiff has not produced any evidence that he was the victim of caprice, prejudice, or error either before the United States Civil Service Commission or the Commissioner of this court. In the absence of such evidence we will not review the matter of Ms discharge by the Veterans’ Administration. Peck v. United States, 114 C. Cls. 551; Eberlein v. United States, 257 U. S. 82, 84; Love v. United States, *418 119 C. Cls. 486, cert. den., 342 U. S. 866; Brennan v. United States, 123 C. Cls. 326.
It follows, therefore, that the plaintiff’s contention that he had a contract with the government for his services for the duration of the war and six months thereafter cannot be sustained.
Plaintiff has been paid all that was legally due him from the government.
Therefore, his petition will be dismissed.
It is so ordered.
MaddeN, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
BINDINGS OE EACT
The court makes findings of fact, based upon the evidence, the report of Commissioner George H. Foster, and the briefs and argument of counsel, as follows:
1. Plaintiff, a citizen of the United States, was admitted to the Bar in 1910 and engaged in the general practice of law in Philadelphia, Pennsylvania, from that time until 1943.
2. Plaintiff, after inquiries, letters and interviews was appointed to the position of Adjudicator, Indefinite, P & S Service, Grade Two, at a salary of $2,600 per annum, pursuant to Executive Order 9063, Regulation V (trial period one year), Civil Service Certificate No. WS 3 BR-8179, dated December 29, 1943, and Central Office letter of Veterans’ Administration, dated December 8, 1943, effective February 16,1944.
3. Plaintiff was appointed to service in the Pittsburgh, .Pennsylvania, office of the Veterans’ Administration. On February 14,1944, he took the oath of office and began work as an Adjudicator.
4. Plaintiff performed the duties of his office in a satisfactory manner and received promotions and periodic increases in pay as follows:
From $2,600 p. a. to $3,090 p. a. on 7/1/45.
From $3,090 p. a. to $3,640 p. a: on 1/23/46.
From $3,640 p. a. to $4,149.60 p. a. on 7/1/46.
From $4,149.60 p. a. to $4,275 p. a. on 1/26/47.
From $4,275 p. a. to $4,400.40 p. a. on 2/8/48.
*419 5. Ok February 7, 1948, plaintiff’s last regular efficiency rating which was dated May 20,1947, for the period April 1, 1946, to March 31, 1947, was “Good.”
6. On December 31,1947, plaintiff had performed services with the Veterans’ Administration for 3 years, 10 months and 12 days. On February 7,1948, his service had been for a period of less than five years.
Plaintiff, because of his efficiency rating and length of service, was entitled to be credited with seven retention points. Plaintiff, not a veteran, was placed for retention purposes in Class B, Subdivision 2. Under the Detention Preference Regulations of the Civil Service Commission, War Service Indefinite employees such as plaintiff were all placed in Group B, the subgroup 2 applying to nonveterans with a good or better efficiency rating.
7. On January 7, 1948, defendant wrote to plaintiff as follows:
Because of the curtailment of adjudication activities, the Veterans Administration is forced to reduce staff in Regional Office No. 11. After careful review of the operating situation, it has been determined that positions in your competitive level will have to be eliminated. As a result of reduction in force conducted in positions comparable to yours, we find that your active service must be terminated at the close of business on February 7, 1948.
Information concerning Civil Service Regulations relating to reduction in force and an opportunity to examine the Retention Preference Register on which your name appears will be made available to you by contacting Mr. Arthur Esser, Room 1016, Extension 33. If after such inspection you feel that there has been a violation of your rights under these regulations, you have the right to appeal in writing to the Director, 3rd U. S. Civil Service Region, Customhouse, Philadelphia, Pa. This appeal must be made within 10 days of receipt of this letter and should include your specific reasons for appealing. Mr. Esser is also available to give you information about your final salary check, lump-sum payment, and retirement benefits or refunds.
Mr. Esser will give you all available information concerning employment in private industry and in other Federal agencies.
*420 Your cooperation in serving with the Veterans Administration during a critical period is very much appreciated, and the necessity for terminating your services at this time is deeply regretted.
Thereafter plaintiff was paid for annual leave up to and including April 21, 1948.
8. In accordance with regulations of Veterans’ Administration, plaintiff was given an unofficial efficiency rating of “Very Good” for the period April 1, 1947, to February 7, 1948, which unofficial rating was not made until July 14,1948. Under the regulations of the Veterans’ Administration such unofficial ratings are not considered in figuring retention points.
9. On the same day that plaintiff was discharged, Veterans’ Administration, because of the necessity to reduce forces, discharged adjudicators of the same grade as plaintiff with as many as eight retention points and all other adjudicators of plaintiff’s grade with fewer than eight retention points.
10. Plaintiff appealed from his dismissal to the Civil Service Commission which on February 20, 1948, affirmed the action taken; advising plaintiff as follows:
* * * You are advised.that the present Reduction in Force Regulations, legally known as the Retention Preference Regulations, are based on Section 12 of the Veterans Preference Act of June, 1944. Section 12 of this Act specifies the manner in which competing employees in Federal agencies shall be released in any reduction in personnel. The Act specifically states that competing employees “shall be released in accordance with Civil Service Commission Regulations.”
The Retention Preference Regulations of the Civil Service Commission, based on Section 12 of the Veterans Preference Act, provide that employees shall be released by groups and subgroups within these groups. War service indefinite employees fall in group B, and in subgroups 1,2, 8, or 4 in group B, depending upon whether or not they have veteran preference and depending upon their efficiency ratings. Employees who are nonveterans and who have “Good” or better efficiency ratings fall in subgroup B2 within their competitive levels for reduction in force purposes. Your competitive level was that of Adjudicator, P-3.
*421 Inspection has been made by this office of the competitive level of Adjudicator, P-3 for the Pittsburgh Regional Office and this office finds that your name appeared at the bottom of the list under subgroup B2. You were credited with four retention credits at the time the retention register was compiled, which date was December 31, 1947. As of the date the retention register is compiled, an employee must have completed a full year or years of service in order to obtain a full credit. In the event that two employees have the same total retention credits, a tie may be broken by determining which of the two employees has an additional half year of service. If there is no tie in the total of retention credits, there is no necessity for the agency to credit an employee with in excess of a total year of Federal service, even though the employee may have as much as eleven months service at the time of the compilation of the retention register.
Appeals from reduction in force must be entertained on the question whether or not there has been a violation of the Retention Preference Regulations in separating the employee. Your contention that as a war service indefinite employee you should not have been separated because you were not notified at the time of your appointment that you could be separated under Reduction in Force Regulations may not be sustained, since such a basis for appeal is not recognized under the Retention Preference Regulations as a basis for staying reduction in force action. Appeals may be accepted only when they are based on such factors as error in the retention register or records, incorrect efficiency rating, violation of the rules of selection of employees for separation under the Retention Preference Regulations, restriction of competitive area or competitive level or similar matters specified in the Retention Preference Regulations, which will be made available to you for study upon request to your Personnel Office.
Plaintiff was advised of his right to appeal to the Commissioner of the U. S. Civil Service Commission within thirty days of receipt of the letter. Plaintiff appealed from the action of the Third Regional Office to the United States Civil Service Commission, Washington, D. C. By letter dated May 25, 1948, the Commission advised plaintiff that the action of the Regional Office was affirmed.
11. Plaintiff has been unable to obtain any other employment from the date of his discharge for reduction in force to the date of filing petition herein.
*422 CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition is therefore dismissed.
Judgment is rendered against the plaintiff for the cost of printing the record herein, the amount thereof to be entered by the clerk and collected by him according to law.