## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD COGAN,
　　　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　　　Agency.

DOCKET NUMBER
CH-0752-14-0197-I-1

DATE: October 6, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Ronald Cogan, Canton, Ohio, pro se.

James E. Campion, Jr., Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his reduction in grade for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant, a preference-eligible veteran, worked as a Building Equipment Mechanic, PS-9, at the agency's Processing and Distribution Facility in Canton, Ohio.  Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 16.  In September 2013, the appellant transferred to the position of Building Maintenance Custodian at the agency's Post Office in Brunswick, Ohio, with saved grade and the same rate of pay.  IAF, Tab 7 at 15.  The transfer was due to the agency's Area Mail Processing consolidation.  *Id.* at 15, 41-43.  The appellant initiated a Board appeal challenging his placement, alleging a reduction in pay or grade and failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement.  IAF, Tab 1 at 3.  The administrative judge issued an acknowledgment order directing the appellant to file evidence and argument to show that the Board had jurisdiction over the appeal.  IAF, Tab 2 at 2.  The appellant responded to the order and alleged the agency had engaged in an improper reduction in force (RIF).  IAF, Tab 4 at 3-4.  The administrative judge then issued a show cause order directing the appellant to again provide evidence and argument to show that the Board had jurisdiction over the appeal.  IAF, Tab 10 at 2.  The appellant responded to the order and argued that he had been reduced in grade because the new position was a level five when he had previously been a level nine.[2]  IAF, Tab 11 at 5.

¶3    The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 14,

---

[2] The appellant appears to have mistakenly referenced the position as a level four in his response.  The position description submitted by the appellant and the appellant's petition for review both refer to the position as being a level five.  IAF, Tab 11 at 6-8; Petition for Review (PFR) File, Tab 1 at 4.  For the sake of consistency, we will rely on the designation in the position description.

Initial Decision (ID) at 1, 3. She found that the appellant had not been reduced in pay or grade because the agency had provided him with both saved pay and saved grade. ID at 3. She also found that, because the appellant did not suffer a reduction in pay or grade, the Board lacked jurisdiction over his reassignment appeal. ID at 2-3. The appellant has filed a timely petition for review. PFR File, Tab 1. The agency has responded in opposition to the appellant's petition for review. PFR File, Tabs 3 and 5.

The appeal must be remanded to provide the appellant with notice of how he can establish jurisdiction over an alleged RIF action.

¶4      The Board does not have jurisdiction over all matters involving a federal employee that are allegedly unfair or incorrect. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of showing that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i).

¶5      In response to the administrative judge's acknowledgment order, the appellant alleged that the reassignment was an improper RIF assignment under the collective bargaining agreement (CBA) between the agency and the American Postal Workers Union. IAF, Tab 4 at 3-4. Under these circumstances, the administrative judge should have advised the appellant of how to establish Board jurisdiction over a RIF appeal. When the Board's jurisdiction is in doubt, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Alvarez v Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 9 (2009) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)).

¶6      A RIF is an administrative procedure by which agencies eliminate jobs for certain listed reasons, including lack of work or reorganization, and release

employees from their competitive levels by furlough of more than 30 days, separation, demotion, or reassignment requiring displacement.  5 C.F.R. § 351.201(a)(2); *Burger v. U.S. Postal Service*, 93 M.S.P.R. 582, ¶ 9 (2003), *aff'd*, 390 F.3d 1373 (Fed. Cir. 2004).  The Postal Service must follow the RIF regulations set out in 5 C.F.R. part 351 when it releases a preference-eligible employee from his original position to a lower-grade position for a reason covered by the RIF regulations.[3]  *Buckheit v. U.S. Postal Service*, 107 M.S.P.R. 52, ¶ 11, n.5 (2007); *Brown v. U.S. Postal Service*, 58 M.S.P.R. 345, 347-48 (1993).  Even placement of an employee in an indefinite saved pay and saved grade status will require compliance with the RIF regulations if the new position is at a lower-grade level.  *Adams v. U.S. Postal Service*, 77 M.S.P.R. 368, 370 (1998).

¶7      Here, the appellant has alleged that he was subject to a RIF.  IAF, Tab 4 at 3-4.  Thus, to be entitled to a jurisdictional hearing over his RIF claim, the appellant must make a nonfrivolous allegation that he was subjected to an appealable RIF in the form of a demotion, separation, or furlough for more than 30 days.  *Harrell v U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009); *Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶ 9 (2004); 5 C.F.R. § 351.901.  Further, the appellant must show that his reassignment was involuntary.[4]

---

[3] The parties agree that the appellant is a preference-eligible employee.  IAF, Tab 1 at 1, Tab 7 at 4.

[4] The agency alleges that the appellant's reassignment was voluntary because it occurred after he was reassured that he would not be involuntarily reassigned to a lower-level position.  IAF, Tab 13 at 4.  However, the Postal Service (PS) Form 50 documenting the transfer reflected an involuntary reassignment.  IAF, Tab 7 at 4, 15.  An appellant claiming an involuntary demotion by RIF must establish, by preponderant evidence, that two things happened.  *Burger*, 93 M.S.P.R. 582, ¶ 13.  First, he must show that he bid to and accepted a lower-grade position after the agency actually informed him that his original position had in fact been abolished.  *Id.*  Second, he must prove that his bid to and acceptance of a lower-grade position occurred after the agency expressly notified him that he would not be assigned to a position at the same grade as the position which was abolished.  *Id.*

*Burger*, [93 M.S.P.R. 582](#), ¶ 13.  On remand, the administrative judge should advise the appellant of his jurisdictional burden regarding a RIF appeal and provide him the opportunity to submit evidence and argument on this issue.

The appeal must be remanded for a determination of whether the appellant waived his Board appeal rights in his reassignment letter.

¶8      The agency argued that the appellant waived his Board appeal rights.  IAF, Tab 13 at 4-5.  The agency submitted a copy of the letter, titled "Veteran Preference Waiver Letter," that states that, as "a preference eligible employee" and in accordance with the CBA, he could only be assigned into vacancies at the same level as his former position.  The letter also includes the following statement:

> Prior to voluntarily signing this form, I hereby state that I have read, and completely understand the conditions set forth in this letter.  I am mentally and physically fit so as to be able to understand the terms and conditions of this letter.  In addition, I understand that I am freely waiving my rights to Merit [Systems] Protection Board for any claims resulting from my position being abolished; and my being placed into a lower level position was based on my personal preference of choice. I freely sign this letter of selection without reservation, and recognize that this selection is being made without duress, or coercion on the part of anyone.

*Id*. at 7.  Although it is not clear, it appears the appellant may have signed this letter to get a preferential bid on an assignment.  The administrative judge did not address this letter in her decision or advise the appellant that he may have waived his Board appeal rights, and how he could challenge such a waiver.

¶9      The Board has acknowledged that an employee can waive his right to appeal in certain circumstances, most often in a settlement agreement.  *Cooper v. Department of Veterans Affairs*, [117 M.S.P.R. 611](#), ¶ 6 (2012), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013).  The Board will consider an agreement reached outside of Board proceedings to determine its effect on the Board appeal and any waiver of Board appeal rights.  *See Lee v. U.S. Postal Service*, [111 M.S.P.R. 551](#),

¶ 4 (2009) (settlement agreement reached to resolve equal employment opportunity complaint waived appellant's right to bring appeal over same matters to the Board), *aff'd*, 367 F. App'x 137 (2010). When an individual is already employed by the agency and had the right to appeal to the Board, he must receive bargained-for consideration from the agency for the waiver of appeal rights to be a valid, enforceable contract. *Thompson v. Department of the Treasury*, 100 M.S.P.R. 545, ¶ 9 (2005) (citing *Hughes v. Social Security Administration*, 99 M.S.P.R. 67, ¶ 7 (2005)); *see generally Blum v. United States*, 120 Ct. Cl. 232 (1951) (the court reviewed whether it was appropriate for an employee who, in order to avoid resigning, agreed to separate from the agency pursuant to a RIF and thereby waive his rights under the Veterans' Preference Act).

¶10 An appellant may challenge the enforceability of a waiver of Board appeal rights. *Lee*, 111 M.S.P.R. 551, ¶ 4. The waiver of appeal rights will be enforceable if its terms are comprehensive, freely made, and fair, and the execution of the waiver did not result from agency duress or bad faith. *Id.* Because the administrative judge failed to adjudicate the agency's claim of waiver, this issue must be remanded. The administrative judge must provide the appellant with notice on how he may challenge the enforceability of a waiver of Board appeal rights. On remand, the parties should address not only the enforceability of the waiver, but also the issue of what consideration, if any, the appellant received for his waiver. If the appellant makes a nonfrivolous allegation that the waiver is invalid or unenforceable, then he is entitled to a jurisdictional hearing on this issue.

The administrative judge properly found that the appellant did not suffer an appealable chapter 75 adverse action.

¶11 The administrative judge found that the appellant had not suffered a reduction in pay or grade when he took the new position with retained grade and no loss of pay. ID at 3. Therefore, she concluded that the Board lacked

jurisdiction over the appeal. ID at 3. The appellant argues on review that he was subjected to a reduction in grade because he was involuntarily reassigned to a lower-level position. PFR File, Tab 1 at 4.

¶12　　The Board generally has jurisdiction to review an appeal of a reduction in grade or pay. *Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 5 (2014); *see* 5 U.S.C. § 7512(3)-(4). The term grade is defined as "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3). The Board has previously found that it does not have jurisdiction over appeals when an employee is reassigned with retained grade. *Pascarella v. Consumer Product Safety Commission*, 13 M.S.P.R. 48, 49 (1982). Here, the appellant's PS Form 50 reflects that his new position is subject to saved grade, and he retained the same grade and step as his prior position. IAF, Tab 7 at 15-16. The appellant argues that he has been reduced to a grade five position from a grade nine position, but the PS Form 50 that reflects no reduction in grade occurred. PFR File, Tab 4 at 3; IAF, Tab 7 at 15. The appellant has not made a nonfrivolous allegation that he suffered an appealable reduction in grade.

¶13　　For adverse action purposes, pay means "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). Thus, a reduction in pay is appealable only when this rate decreases. *Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 6 (2014). There is no indication that the appellant's pay has been reduced or will be reduced in the future. Contrary to the appellant's claim, he actually received a pay increase on November 16, 2013. IAF, Tab 7 at 15. Therefore, the appellant has not demonstrated that he suffered an appealable reduction in pay.

¶14　　Because we are remanding the case for further jurisdictional proceedings, the administrative judge must issue a new initial decision addressing whether the appellant was subject to an involuntary appealable RIF action when he was reassigned to his present position and whether he waived his Board appeal rights

regarding that reassignment. On remand, if the administrative judge determines the appellant was not subject to a RIF, then she may incorporate her original findings that the Board lacked jurisdiction over the appeal under chapter 75 because the appellant did not suffer an appealable reduction in grade or pay.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                 _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.