Leonard E. VAUGHN
v.
UNITED STATES.
No. 103-57.

United States Court of Claims.
Jan. 15, 1958.

Claude L. Dawson, Washington, D. C., for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

JONES, Chief Judge.

This is a suit for back salary which plaintiff alleges is due him for the period during which he claims he was illegally separated from his civilian position with the United States Government.

According to the pleadings, briefs, and attached documents, the following facts appear of record and, for the purposes of the motion, are taken for granted. Plaintiff was a preference eligible within the meaning of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., and was employed by the United States in the capacity of a machine tools inspector at the Los Angeles Ordnance District on February 18, 1952.

Plaintiff was removed from his position on October 8, 1954, as a result of charges which were brought against him. Plaintiff appealed from the order of removal. The Board of Appeals and Review of the Civil Service Commission concluded that the personnel action effecting the removal of plaintiff was procedurally defective in that the notice, dated August 25, 1954, of the proposed action did not contain all of the reasons specifically and in detail as required by the law and the regulations. The board recommended that plaintiff be restored retroactively to the position from which he was removed October 8, 1954. He was restored to his position on June 14, 1955, and was paid the salary he would have received for the period between October 8, 1954, and June 14, 1955.

On June 22, 1955, plaintiff was notified that it was proposed to remove him from his position effective July 27, 1955, on the basis of specific serious charges which are set out in detail in exhibit B, attached to defendant's motion and brief. In connection with these charges plaintiff was given the following notice by the civilian personnel officer:

"You have the right to answer the charges in this notice of proposed removal personally and in writing and to submit any evidence, affidavits or other information you desire. Such reply must be received by not later than 6 July 1955 and should be submitted to the District Chief, Los Angeles Ordnance District, 55 South Grand Avenue, Pasadena, California. The Civilian Personnel Office will make available such pertinent records and regulations as you desire for preparation of your reply and will render appropriate assistance. Careful consideration will be given to your reply and you will be furnished a written notice of decision.

"You will remain in duty status during the period of this notice."

The plaintiff replied in writing to the charges. The reply was considered by the District Chief, and by letter dated July 22, 1955, he was notified that he had not successfully refuted the charges and that it had been decided to effect his removal as of July 27, 1955.

Plaintiff appealed the adverse decision to the Civil Service Commission. On September 14, 1955, the Twelfth United States Civil Service Regional Director sustained the action of the agency. Later the Civil Service Commission's Board of Appeals and Review affirmed the Regional decision. Plaintiff and his attorney were both so advised.

The basis of the complaint as revealed by the record in this case is plaintiff's claim that he was not accorded the right to answer the charges against him in person at the agency level prior to his removal. No other substantial basis appears in the record. The plaintiff did not request an opportunity to answer the charges *personally*, as well as in writing. His asserted reason for not making such a request is that he did not know that he had a right to answer personally at the agency level. He alleges that he did not know of such right until the decision of this court in the case of Washington v. United States, Ct.Cl., 147 F.Supp. 284.

We do not think the principle laid down in the Washington case should be applied to the facts appearing of record in the *instant* case. In that case the plaintiff had made a definite request to be permitted to answer personally and this had been denied. We held in that case that this constituted a denial of a substantial right of the plaintiff. We do not feel that the principle announced in the Washington case can be reasonably stretched to cover a case in which an opportunity to answer personally was not requested, especially in view of the fact that in the notice of removal plaintiff was advised in writing of his right to answer the charges personally and in writing.

It has been repeatedly held that if the procedural requirements have been followed the merits of an adverse action will not be reviewed by the courts. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Jordan v. United States, Ct.Cl., 158 F. Supp. 715.

As was stated in the case of Wittner v. United States, 76 F.Supp. 110, 112, 110 Ct.Cl. 231, at page 235:

"We are not authorized to determine whether a particular veteran should be employed. That is the province of the appropriate agency. Nor are we concerned with whether an employee should be discharged. That is properly in the hands of the affected department."

In the case at bar the plaintiff made no request for permission to answer personally, even though he had been notified in writing of such right. While plaintiff claims that he did not know of his right to answer personally until our decision in the Washington case, supra, and cites an adverse decision by another court as his reason for not doing so, we do not think that when the entire record in this case is considered we would be justified in the circumstances in holding that the procedure was defective.

The defendant's motion is sustained and plaintiff's petition is dismissed.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.