JoNes, Chief Judge,
delivered the opinion of the court:
On December 31, 1953, and for some years prior thereto, plaintiff was a regular employee of the Corps of Engineers of the United States Army and on that date held the position of Realty Assistant in the Real Estate Division of the Walla Walla District of that branch of the Corps of Engineers.
On November 30, 1953, plaintiff was given notice of a proposal to separate him from the service on the ground of inefficiency and undependability effective at the close of business on December 30,1953. Specific dates and recital of instances were listed among the charges.
The plaintiff made a reply on December 7,1953. Effective December 31, 1953, plaintiff was removed from his position based on such charges.
Appeal was taken to the Civil Service Commission’s Eleventh Regional Office. The Regional Office of the Commission conducted an investigation during the period February 8 through February 12, 1954. Copies of some 18 affidavits and copies of reports have been filed with the court as defendant’s exhibits A(l)-A(18), B, and C. There is also attached a report of the investigation by the Eleventh United States Civil Service Region, including an affidavit by the former supervisor of the plaintiff.
Plaintiff requested and obtained a hearing before the Appeals Examiner of the Regional Office. The transcript of the testimony taken at the hearing is also filed with the papers as defendant’s exhibit E.
Following a consideration of the evidence, the Eleventh Regional Office affirmed the removal action. Plaintiff then appealed to the Commission’s Board of Appeals and Review, asserting in connection therewith that other matters than those included in specific charges were allowed to influence the decision.
As shown by letter dated August 27, 1954, the Board of Appeals and Review reversed the action of the Eleventh *183 Regional Office and directed plaintiff’s restoration to duty. We quote the following part of that letter:
It is evident on the basis of the agency’s final decision letter that any and all reasons for Mr. Mayer’s removal were not set forth in the notice of proposed adverse action. Consequently, the removal action is considered procedurally defective and the decision of the Regional Office is rescinded. It is recommended that Mr. Mayer be restored retroactively to his former position the day following the effective date of his removal.
In compliance with the action of the Board of Appeals and Review, the plaintiff was restored to duty on September 16, 1954. However, he was not awarded compensation for the intervening period.
On September 16, 1954, plaintiff was given another letter proposing his removal on grounds of inefficiency. This communication was eight pages in length and listed numerous specific instances relating to plaintiff’s performance of the duties of his position. According to the Board of Appeals and Review, this would be considered an entirely new action and any further adverse action by the agency would give rise to a new appeal on the part of the plaintiff.
Plaintiff replied in detail to the notice of the charges. This reply is also among the papers in this action.
The Commission’s Eleventh Regional Office conducted a further investigation on November 8 and 9,1954. Numerous documents and affidavits were obtained during this investigation and are filed with the papers as defendant’s exhibits Q(l)-Q(16).
In an affidavit dated November 9, 1954, plaintiff stated:
I have read the foregoing documents, affidavits, photostats, letters, and statements concerning my appeal of dismissal from my employment as Realty Assistant, and acknowledge them as adequate and correct, and I have nothing further to offer.
I make this statement of my own free will and accord, this 9th day of November, 1954 at Walla Walla County-City Airport, County of Walla Walla, State of Washington.
I do not desire another hearing before the Appeals Examiner.
*184 After considering all the evidence obtained during the course of the investigation, the Regional Director, in a 25-page opinion, affirmed the removal action, stating in part that he found the Corps of Engineers of the Walla Walla District had met all the procedural requirements of section 14 of the Veterans’ Preference Act of 1944, as amended (5 U.S.C. 851 (1952 ed.)), and the regulations issued thereunder. He also found that the reasons stated to the appellant for the adverse action were substantiated to such an extent as to lead any reasonable person to believe that “the action of removal is for such cause as will promote the efficiency of the service.”
Plaintiff appealed this decision and the Board of Appeals and Review affirmed the decision of the Regional Office as justified on the basis of the collective charges, and found that such removal would promote the efficiency of the service. In a letter of notification they recited three different specifications which they regarded as substantiated by the evidence. Plaintiff asked for reconsideration and on May 28, 1956, plaintiff’s request for reopening of the case was denied.
Two distinct claims are involved in this case. One, the question of whether or not plaintiff is entitled to recover the pay which he would have received for the period between January 1,1954, through September 15,1954, had the recommendation of the Commission that he be restored retroactively been followed.
Since the removal action was set aside by the Board of Appeals and Review of the Civil Service Commission on the ground that the removal action was procedurally defective, we find the plaintiff is entitled to judgment for the period from January 1, 1954, through September 15, 1954, the recovery to be limited to the amount allowed under the terms of the 1948 amendment, 62 Stat. 854, to the Lloyd-La Follette Act (5 U.S.C. (1952 ed.) § 652 (b) (2)).
We find no basis, however, for allowing any recovery on the basis of the second removal. No procedural defect or irregularity is alleged or claimed. In such circumstances it is not in our province to consider the merits of the removal action in the absence of a showing that such action was arbitrary, capricious, or not supported by substantial *185 evidence. Eberlein v. United States, 257 TJ.S. 82 (1921); Keim v. United States, 177 U.S. 290 (1900); Vaughn v. United States, 141 C. Cls. 208; Wittner v. United States, 110 C. Cls. 231, 235 (1948). Numerous other cases might be cited along the same line.
Plaintiff has in his petition a general allegation that he was arbitrarily separated from the service on the finding of inefficiency. This allegation was regarded as insufficient. Plaintiff has filed a motion asking leave to amend his petition and has accompanied it by a proposed amendment.
We have given full consideration to the amendment as a part of the petition, but find that it is composed almost exclusively of statements questioning the good faith of the officials of the Corps of Engineers and the officials of the Civil Service Commission, stating that the decision was on other grounds than these officials stated, and including the statement that the charges relied upon by the Civil Service Commission, dated October 12, 1955, were not supported by substantial evidence and were affirmed arbitrarily.
The numerous affidavits and documents that are filed with the papers in the case furnish substantial evidence as a basis for the action of the Corps of Engineers and of the Civil Service Commission. The pleadings and the amendment thereto taken together in the light of the facts as disclosed by the documents and affidavits are insufficient to furnish a basis for setting aside the action of the Civil Service Commission or of the agency which effectuated the removal. The amendment to the pleadings states conclusions and inferences rather than being an allegation as to facts; and does not allege sufficient facts to raise the issue of arbitrary action in connection with the second removal.
In the light of the record of investigation and hearings before the Eleventh Eegional Office of the Civil Service Commission and the Board of Eeview and Appeals, the pleadings and amendment are not sufficient to justify the time and expense to both litigants of further inquiry into the facts that have been alleged. In fact the record is such as to preclude any action by this court on the basis of the second removal either from the viewpoint of alleged arbitrary action or lack of substantial supporting evidence.
*186 Plaintiff’s motion for partial judgment for back pay for the period January 1, 1954, through September 15, 1954, is hereby granted. Defendant’s motion for summary judgment dismissing that portion of plaintiff’s petition in which back pay is claimed for the period October 18, 1954, to the date of judgment is granted, and that portion of plaintiff’s petition is dismissed.
Plaintiff will be given judgment for the period January 1, 1954, through September 15,1954. Judgment will be entered to that effect with the amount of recovery to be determined pursuant to Rule 88(c).
It is so ordered.
Laramore, Judge; Madden, Judge; and Whitaker, Judge. concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on June 26, 1959, that judgment for the plaintiff be entered for $3,594.92.