Jones, Chief Judge,
delivered the opinion of the court:
The plaintiff, a veteran preference eligible, was given notice of a proposal to separate him from the Internal Revenue Service on the ground that his work was unsatisfactory. After the regular procedure the District Director decided that he would be demoted, rather than separated from the service entirely.
The plaintiff asserts that under section 14 of the Veterans’ Preference Act, 58 Stat. 390, as amended, he was entitled to a new notice of 30 days before he could be legally demoted; that the notice of proposal to separate would not serve as a basis for demotion. The defendant asserts that under the terms of the statute and the authorized regulations issued pursuant thereto the less severe penalty could be imposed without the necessity of an additional notice.
The real issue is whether under the facts as disclosed by the pleadings and attached documents the additional notice was required by the terms of the statute.
The plaintiff was employed as a tax collector in the Internal Revenue Service in the Boston District. After being warned of errors in his work, the plaintiff on November 21, *384 1956, was notified of an “unsatisfactory” performance rating. On December 26, 1956, tbe District Director of Internal Revenue in tbe Boston District advised plaintiff of his proposal to separate plaintiff from tbe service on tbe ground of inefficiency. A detailed statement of specific charges was filed and furnished to tbe plaintiff, and in the letter of notice he was advised that he had a right to reply personally and in writing, which he did. Numerous specific charges and plaintiff’s reply thereto are on file with the papers in the case. These are set out in defendant’s exhibits 1 to 8.
On January 22,1957, the District Director by letter notified plaintiff of his decision. A part of the letter is as follows:
After careful consideration of your oral reply to me on December 28,1956, and your undated written reply received in this office on January 7,1957, it has been determined that your explanations do not satisfactorily refute the charge and specifications made against you.
However, upon reflection on all the factors in the case, I have decided that your separation as originally proposed in my letter of December 26,1956, is not warranted. I find it necessary to remove you from your assignment as Collection Officer but I feel that you should be able to perform satisfactorily in a clerical capacity. * * *
Accordingly plaintiff was removed from the position of collection officer at a salary of $4,890 per annum and given a position at a lower grade carrying a salary of $3,685 per annum. The plaintiff was also informed of his right to appeal. He filed timely appeal with the Civil Service Regional Office at Boston, Massachusetts, which rendered an adverse decision. Appeal was made to the Board of Appeals and Review of the Civil Service Commission which held that the demotion was procedurally valid and was warranted on the basis of the deficiencies charged.
The plaintiff alleges that the demotion was procedurally invalid because he did not receive a new notice when the District Director chose to demote him, instead of separate him as originally proposed. He also alleges that the procedures of the Performance Rating Act of 1950,[1] as reflected in the Treasury Department performance rating program were not *385 followed, and that the charges against him did not warrant, the adverse action which was taken.
According to the terms of the Federal Personnel Manual, Chap. SI, page Sl-30, it is provided that adverse action shall not be taken for reasons other than those set forth in the notice of proposed action. This exception does not apply since plaintiff was demoted under charges, specified in detail, which were the same as those set forth in the notice of proposed separation.
The second exception provided by the manual is to the effect that when charges against the employee have been sustained by the agency and it is proposed to consider his past record with a view to applying a more severe penalty than would ordinarily be imposed on the charges submitted, such action may not be taken on the basis of the notice given; that the notice of proposed action would not be sufficient to justify a more severe penalty than that which had been proposed.
Under subdivision c of the manual cited above is found this language:
* * * (However, a decision to take a less severe action may be made. For example, if the employee has been notified of a proposed discharge, he may be suspended or reduced in rank or compensation on the basis of that notice.) [Emphasis supplied.]
In the circumstances of this case we can find no reasonable basis for requiring the agency to serve a new notice and put both litigants to the burden and expense of having an entirely new set of procedures when the proposed action would be on the same basis and the same charges, and when the same answer would be forthcoming. The specific charges were set out in great detail and with dates. Plaintiff was given a full opportunity to answer. If the agency had chosen to do so it could have removed plaintiff entirely, and since the procedure was regular there would have been no basis for the court to have changed the result. The agency was considerate enough to offer plaintiff a less exacting position that it felt he was qualified to fill. To hold, on what- appears to be a mere technicality, that the plaintiff could not be offered a lesser position, rather than being discharged en *386 tirely, would be to put a premium on harshness and a penalty on the normal instincts of a human being.
We do not think the Performance Rating Act of 1950 is applicable to the facts of this case.
The plaintiff also claims that the charges upon which his demotion was based do not constitute “full and substantial cause”. This same contention was raised before the Civil .Service Commission which found that the agency action was warranted. This court is not a reviewing body, and it has been repeatedly held by this and other courts that if the procedural requirements are followed and the findings are legal the courts will not interfere.
The whole purpose of the notice was to inform the plaintiff •of the nature of the charges against him in order that he might have an opportunity to answer those charges. The .notice given afforded this opportunity.
When the procedure is substantially followed the courts will not interfere. We quote from Bryan v. United States, 128 C. Cls. 541 at 547:
* * * It has been repeatedly held by the Supreme Court and by this and other courts that if the procedural requirements of the statutes are substantially complied with the court will not interfere with the discretion of the Department in passing upon the removal of an employee. In other words, the court will not go behind the procedural requirements to inquire into the merits of the action taken. Eberlein v. United States, 257 U.S. 82, 84; Elchibegoff v. United States, 123 C. Cls. 709; Wittner v. United States, 110 C. Cls. 231, 233, 234.
We find that plaintiff’s demotion was accomplished in ^compliance with the procedures of the Veterans’ Preference Act and the applicable civil service regulations issued pursuant thereto.
The plaintiff’s motion for summary judgement is denied. 'The defendant’s motion for summary judgment is granted.
The petition will be dismissed.
It is so ordered.
Laramore, Judge/ Maddest, Judge, and Whitaker, Judge, concur.

 64 Stat. 1098; 5 U.S.C. § 2001 (1952 ed.).