MaddeN, Judge,
delivered the opinion of the court:
The plaintiff, a veterans’ preference eligible, was, in 1955, discharged from his position as a guard in the United States *6 Post Office in Los Angeles, California. He claims that the procedure by which his discharge was accomplished did not comply with the law, and he therefore sues for back pay.
On or about August 7, 1955, the plaintiff took approved leave of absence, and on the form on which he applied for the leave he gave three addresses in Texas, and the periods during which he would be at each of those addresses. He returned to his home in Los Angeles on August 31, and found a letter from the Postmaster dated August 30, pointing out that he had not answered a letter of August 11. He also found a notice of certified mail being held for him at a post office substation. On August 31 he went to the substation and the certified mail could not be found. He then went to the post office and made inquiry and was given what he was told was a copy of the August 11 letter referred to in the Postmaster’s letter of August 30. He signed a receipt for this paper. It was a purported copy of a letter of charges, and said that the plaintiff would have five days in which to answer the charges. On that same day, August 31, the plaintiff asked for time to answer and was told that he could answer by September 7. He submitted his answer about September 4.
On September 30 a letter was written to the plaintiff by the Eegional Operations Office of the Post Office Department, which regional office was in San Francisco, advising the plaintiff that after consideration of the evidence, including the plaintiff’s reply, it had been decided that the charges had been sustained, and that the Los Angeles Postmaster had been directed to remove the plaintiff from the postal service effective immediately. By a letter dated October 4, the Los Angeles Postmaster discharged the plaintiff effective as of the close of business October 5.
The plaintiff appealed his discharge to the Civil Service Commission, which, on May 10, 1956, affirmed the action of the Postmaster.
Section 14 of the Veterans’ Preference Act of 1944,5 TJ.S.C. 863, provides that a veteran who is sought to be discharged from the civil service “shall have at least thirty days’ advance written notice stating any and all reasons” etc.
*7 The plaintiff urges that he did not receive a valid letter of charges, and was not given the 30 days’ written notice to which he was entitled under section 14. We think the carbon copy of the charges, which the plaintiff receipted for without objection on August 31, and which he and his lawyer answered without objection on September 3, became, by the plaintiff’s waiver of its possible imperfections, a valid letter of charges. As to the 30-day notice period, the letter of charges said:
Any action which may be taken on the charges will not be effective until thirty full calendar days after the day you receive this letter.
The plaintiff, as we have seen, received the letter on August 31. He was discharged, effective October 5. While the letter from San Francisco was written on September 30, less than 30 days from August 31, the effective date of the discharge was October 5. We hold that the 30-day requirement was satisfied.
The plaintiff says that he was not permitted to answer the charges “personally” as section 14 of the Veterans’ Preference Act requires. He cites our decision in Washington v. United States, 137 C. Cls. 344. The Government says that the plaintiff did not request an opportunity to have a personal interview with the postmaster. The plaintiff tenders a writing which, he says, he put into the proper channels to reach the postmaster, and which writing requested a personal interview. The Government would, if the matter came to trial, dispute the genuineness of the tendered writing. For the purposes of the present motions, however, the Government contends that if there was a request for a personal interview, and a failure to comply with that request, those facts were not called to the attention of the Civil Service Commission and therefore cannot be raised in this court.
After the plaintiff’s discharge on October 5, 1955, he appealed to the Civil Service Commission, as he had the right to do under section 14. The appeal stated as its ground:
That the adverse decision is arbitrary, unsound, unjust, illogical and inconsistent with the facts of said case.
*8 In his closing argument before the Civil Service Commission’s regional hearing officer, in the course of a rather lengthy argument, most of which had to do with the merits of the case, the plaintiff’s counsel said, without elaboration, “He was denied an interview to which a veteran is entitled.” A perusal of the transcript of the evidence which had just been taken discovers no mention in the evidence of a request for or denial of an interview. In answer to his counsel’s question as to whether he had been interviewed by his superiors at the time of his discharge the plaintiff answered “No.”
The Regional Office of the Civil Service Commission decided against the plaintiff. He thereupon appealed to the Board of Appeals and Review of the Commission. Among the grounds for appeal, No. 8 was “Failure of the Post Office Department to grant appellant an interview.” In the Post Office Department’s answer to the plaintiff’s appeal, it said:
Mr. Long was interviewed by the Director of Personnel at the Los Angeles Post Office. He did not request an interview with the Postmaster. Had he requested such an interview it would have been granted in accordance with the usual custom of the Postmaster.
The plaintiff, in the appeal proceeding, submitted an affidavit in which he said:
2. I have, at no time, ever been PERSONALLY INTERVIEWED by any official of the Post Office, the Captain of the Guard, the Lieutenant in charge, the Superintendent of the Building, the Postmaster, or the Director of Personnel on the charges made against me.
The matter of there not having been a personal interview was, then, frequently referred to in the administrative proceedings. We think it was brought forward, not as an asserted procedural error, but as evidence of arbitrary and inhumane conduct on the part of the Department, the summary discharge of an employee of long standing with a good previous record, a family to support, and physical infirmities, without discussing his problems with him.
We think section 14 does not require a department to tender a personal interview to an employee against whom it *9 has made charges, unless the employee requests it. The letter of charges in the instant case said, “You are hereby given five days within which to answer these charges personally and in writing.” This is the offer of the opportunity to reply, and it requires affirmative action by the employee, whether he writes an answer or refrains from doing so, and whether he seeks a personal interview or refrains from doing so.
We recognize, of course, that prior to this court’s decision in Washington, supra, on January 16, 1957, it might not have occurred to the parties and their counsel that the right to a personal interview might be a procedural right, the denial of which would invalidate a discharge. This court considered that problem in Vaughn v. United States, 141 C. Cls. 208, 158 F. Supp. 716, and we adhere to what we said in that case.
As we have said the plaintiff now says that he did request an interview with the Postmaster, and proposes to prove it by a writing. No such writing, and no other evidence of such a request was tendered to the Civil Service Commission. We think it would be quite intolerable that, Congress having given the Commission the authority to hear and decide cases, a litigant might withhold important, perhaps decisive, evidence from the Commission, and later seek to present it in this court. The requirement that a party exhaust his administrative remedies would be made meaningless if such conduct were permitted.
The defendant’s motion for summary judgment is granted. The plaintiff’s similar motion is denied, and his petition is dismissed.
It is so ordered.
Need, Justice {Bet.), sitting by designation; Littleton, Judge {Bet.); Laramoee, Judge; and Jones, Chief Judge, concur.
Whitaker, Judge, took no part in the consideration and decision of this case.