Laramore, Judge,
delivered the opinion of the court:
In this suit plaintiff, an employee of the Department of the Interior, Office of the Solicitor, seeks recovery of salary at his former higher rate of pay allegedly due him as a result of a reassignment and reclassification from a GS-15 to a GS-14 in a reorganization action. This portion of plaintiff’s claim is based on the Classification Act of 1949, as amended, 70 Stat. 291 (as referred to by the parties as the Salary Detention Act of 1956).
Plaintiff also seeks to recover salary at the rate of pay that pertained to his grade, on the ground that the reduction in grade was in violation of his retention preference rights under section 12 of the Veterans’ Preference Act of 1944, 58 Stat. 387, 390.
The case arises on cross motions for summary judgment, and the following facts respecting plaintiff’s claim under the Classification Act, sufra, are disclosed by the pleadings, affidavits, and exhibits.
Prior to May 10, 1954, plaintiff occupied the position of Chief Counsel, Defense Minerals Explorations Administration (DMEA), at the classified title and grade of Supervisory Attorney-Adviser, GS-15. On that date plaintiff’s position of Chief Counsel was abolished. Prom May 10, 1954, until June 7, 1954, plaintiff served in the capacity of Acting Assistant Solicitor, performing the same duties as before. On June 7, 1954, additional duties were added to plaintiff’s responsibilities. On July 1, 1954, plaintiff was assigned to the Office of the Solicitor and performed all his duties until October 3, 1955, when he was transferred to the position of Acting Assistant Solicitor, Branch of Mines, Division of Mineral Eesources.
On March 11, 1956, plaintiff was designated Attorney Advisor (General) (Assistant Solicitor) and reduced in grade to GS-14. It is from this action the plaintiff seeks relief.
*68 Alter exhausting his administrative remedies plaintiff instituted suit in the District Court for the District of Columbia seeking a judgment declaring that his rights under the Veterans’ Preference Act, sufra, had been violated by the downgrading.
In respect to plaintiff’s claim under the Classification Act, supra, it is noted that his petition contains no allegations of arbitrary or capricious action on the part of the Civil Service Commission in refusing him payment under the above Act or regulations, and contains no allegation of procedural error. Nor does he attempt to make such a showing.
The record clearly shows that subsequent to disallowance of his claim by the Comptroller General on the ground that plaintiff had not held the position which was reclassified to a lower grade for a continuous period of not less than two years ending immediately prior to date of enactment of the Classification Act, supra, as required by said Act, plaintiff was advised of his rights, and appealed to the Civil Service Commission. The Civil Service Commission after review at both the Classification Appeals level (September 18, 1957) and the Board of Appeals and Review level (December 2, 1957) denied his claim by making a factual determination that material changes occurred in the position occupied by plaintiff and that the provisions of the Classification Act did not apply. The decision of the Board of Appeals and Review of the Civil Service Commission reads as follows:
The Board of Appeals and Review has completed a careful study of the record in the case of your appeal under Section 25.411 of the Commission’s Pay Regulations from the decision of the Bureau of Inspections and Classification Audits sustaining the determination by the Department of the Interior that you are not entitled to the salary retention benefits of Public Law 594, 84th Congress, in connection with your demotion effective March 11, 1956, from Supervising Attorney-Adviser GS-970-15, Defense Materials and Exploration Administration, to Attorney-Adviser, GS-970-14, Office of the Solicitor.
In view of the date of your demotion, Section 25.405 applies to your case. One of the conditions of that section which must be met for entitlement to the salary retention benefits of the Law is that the classification action upon which the employee’s demotion was based *69 was a reclassification. Reclassification is defined in the Regulations as any classification action. lowering the grade of an employee’s position during bis incumbency of such position without a material change in duties or responsibilities during the two years immediately preceding the classification action. According to Comptroller-General Decision B-104080 dated June 3, 1957, when the demotion occurred between July 1, 1954, and June 18, 1956, the time period to be considered in applying the definition of reclassification is the two years immediately preceding June 18,1956.
The record shows that two official position descriptions were in effect for your work during the two years immediately preceding June 18, 1956. The old, GS-15, position description, issued for you in 1952, shows that you were engaged in work allocable to one attorney series — the Attorney Adviser Series. The new position description describes a position which is mixed as to series, the prosecuting work before the Federal Coal Mine Safety Board being properly allocable to the Trial Attorney Series and the other attorney work described being allocable to the Attorney-Adviser Series. The presence of trial-attorney type work in the new description and its absence in the old description is evidence of a material difference in the duties and responsibilities recorded on the old and the new descriptions involved in your case.
According to Comptroller-General Decision B-104080 dated November 1,1956, if the descriptions of the duties and responsibilities in the old and the new job classification sheets involved in the employee’s demotion differ materially, there must be a factual determination whether the actual change took place within or outside the two-year period for consideration in applying the definition of reclassification. You contend that on May-10, 1954, you began to perform duties and responsibilities for which the old, GS-15, description on which you were continued on the rolls and paid did not provide an accurate description, and that you continued to perform such duties and responsibilities without change until October 3, 1955, when you began to perform the work described on the new position description involved in your case. Apparently no description was written for your actual work immediately preceding October 3, 1955. However, the record indicates that no part of such work was distinctive of the Trial Attorney Series.
Accordingly, the position described on the new position classification sheet involved in your case, in which *70 you began to perform on October 3,1955, contains duties and responsibilities which are distinctively and materially different from those present in both of your earlier assignments. Since the material change took place within the two years immediately preceding June 18, 1956, the definition of reclassification is not met in your case.
In view of the foregoing, the Board has found that the Department was correct in its determination that you are not entitled to a saved rate in connection with your demotion effective March 11, 1956. The decision of the Bureau of Inspections and Classification Audits which sustained the Department’s adverse salary retention determination in your case is therefore affirmed by the Board.
Your administrative remedies in this matter have been exhausted.
The cases are legion holding that where there has been compliance with applicable procedural requirements, the courts will not review the merits of an adverse action. Eberlein v. United States, 257 U.S. 82; Engelhardt v. United States, 125 Ct. Cl. 603; Vaughn v. United States, 141 Ct. Cl. 208; Collins v. United States, 145 Ct. Cl. 382. This court has further held that aibsent allegations of arbitrary and capricious action and facts to support them, the decision of the Civil Service Commission is final. Eclov v. United States, 137 Ct. Cl. 341.
Respecting plaintiff’s second claim under the Veterans’ Preference Act, supra, the facts are these: Plaintiff instituted a suit in the District Court for the District of Columbia seeking a judgment declaring that his rights under the Veterans’ Preference Act had been violated by the downgrading. He also claimed in the District Court suit that the action of the Government in his case was violative of the Classification Act of 1949, supra.
At the conclusion of the trial the District Court rendered an oral opinion holding first that section 12 of the Veterans’ Preference Act was applicable to plaintiff’s downgrading and that “Defendants take appropriate administrative action, consistent with this judgment.” As to plaintiff’s claim for back pay, the court held that it lacked jurisdiction. The District Court judgment was affirmed by the Court of *71 Appeals, 265 F. 2d 363, and on October 12,1959, the Supreme Court denied certiorari, 361 U.S. 837.
On November 7, 1958, the Administrative Assistant Secretary of the Department of Interior notified plaintiff as follows:
In compliance with the judgment obtained by you in your action in the United States District Court for the District of Columbia (D.C. Civil No. 4747-56), a register has been prepared in accordance with the Retention Preference Regulations, as amended, of the Civil Service Commission to determine your relative standing for retention purposes in grade GS-15 as of March 11,1956.
As established by the register, a copy of which is enclosed, you were the lowest ranking employee among all other competing employees in your competitive area and competitive level as of the date mentioned above.
The Retention Preference Regulations, as amended, of the Civil Service Commission are set forth in Part 20 of the Federal Personnel Manual. They will be made available to you in Room 6223.
The retention register was forwarded to plaintiff and disclosed that at the time plaintiff was downgraded he was the lowest ranking employee in his area and level. No further administrative relief has been sought by plaintiff pursuant to the District Court’s order.
From the above facts it is clear that the Department of the Interior complied with the District Court order. In other words, the Department did the only thing possible to give plaintiff the benefits of section 12 of the Veterans’ Preference Act, supra. It prepared a retention register and the result was that plaintiff was at the bottom of the list. Hence there was nothing due plaintiff or nothing that the Department could give plaintiff under section 12.
If, on the other hand, plaintiff was not satisfied with the action taken, two courses were open to him. He could either have gone back to the District Court for further relief or appealed to the Civil Service Commission. He did neither, and in such circumstances is either bound by the District Court order or faced with the proposition that he did not exhaust his administrative remedy by taking his case on this count to the Civil Service Commission.
*72 For the reasons stated, plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and tbe petition is dismissed.
It is so ordered.
Dukfee, Judge,; Whitakee, Judge; and JoNEs, Chief Judge, concur.